UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 1:15-cv-07175 (KAM) (RML) |
| Plaintiff, | **ANSWER** |
| v. | **JURY TRIAL DEMANDED** |
| MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC, | |
| Defendants. | |

Defendant Martin Shkreli by and through undersigned counsel, hereby responds to the

Complaint of Plaintiff in the above-captioned action as follows:[1]

1.      Paragraph 1 of the Complaint alleges a legal conclusion for which no response is

required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in

paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint alleges a legal conclusion for which no response is

required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in

paragraph 2 of the Complaint, except admits that Mr. Shkreli founded and was the portfolio

manager of MSMB Capital Management LP ("MSMB Capital LP") and MSMB Healthcare LP

("MSMB Healthcare LP") and managing member of MSMB Capital Management LLC

---

[1]     All allegations contained in the Complaint that are not specifically admitted in this Answer are denied.  The headings in the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations included in the Complaint's headings.

("MSMB Capital") and MSMB Healthcare Management LLC ("MSMB Healthcare"), the two investment advisers for MSMB Capital LP and MSMB Healthcare LP, respectively.

3.      Paragraph 3 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint is not directed to Mr. Shkreli and alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint is not directed to Mr. Shkreli and alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint is not directed to Mr. Shkreli and alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint alleges a legal conclusion for which no response is required.

9.      Paragraph 9 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies that the Plaintiff is entitled to the relief it seeks and denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies that the Plaintiff is entitled to the relief it seeks and denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint alleges a legal conclusion for which no response is required.

12.     Paragraph 12 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 12 of the Complaint.

13.     Mr. Shkreli denies the allegations contained in paragraph 13 of the Complaint, except admits that Mr. Shkreli is 32 years old, resides in New York, New York, was managing partner and portfolio manager for MSMB Capital LP and MSMB Healthcare LP, managing member of MSMB Capital Management LLC and MSMB Healthcare Management LLC, and formerly served as Founder and CEO of Retrophin, Inc. ("Retrophin"); and that Retrophin LLC became a public company in December 2012.

14.     The allegations in paragraph 14 do not refer to Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli admits that Katten Muchin Rosenman LLP served as Retrophin's outside counsel for a period of time ending on or about October 2014 and further admits on information and belief that Mr. Greebel served as Retrophin's acting corporate secretary.

15.     Mr. Shkreli denies the allegations contained in Paragraph 15 of the Complaint, except admits that Mr. Shkreli founded and was managing member of MSMB Capital Management LLC, which served as MSMB's investment adviser, and further admits on information and belief that the current status of MSMB Capital Management LLC is that it was cancelled on or about June 1, 2013.

16.     Mr. Shkreli denies the allegations contained in paragraph 16 of the Complaint, except admits that Mr. Shkreli founded and was managing member of MSMB Healthcare Management LLC, which served as MSMB Healthcare's investment adviser, and further admits on information and belief that the current status of MSMB Healthcare Management LLC is that it was cancelled on or about June 1, 2014.

17.     Mr. Shkreli admits that MSMB Capital LP was a Delaware limited partnership and a hedge fund established by Mr. Shkreli in 2009, and further admits that MSMB Capital Management LLC, of which Mr. Shkreli was managing member, served as investment adviser to MSMB Capital LP.  Mr. Shkreli denies the remaining allegations in paragraph 17.

18.     Mr. Shkreli admits that MSMB Healthcare LP was a Delaware limited partnership and a hedge fund established by Mr. Shkreli in 2011, and further admits that MSMB Healthcare Management LLC, of which Mr. Shkreli was managing member, served as investment adviser to MSMB Healthcare LP.  Mr. Shkreli denies the remaining allegations in paragraph 18.

19.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Executing Broker," contained in paragraph 19 of the Complaint, which are therefore deemed denied.

20.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Prime Broker," contained in paragraph 20 of the Complaint, which are therefore deemed denied.

21.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Investor A," contained in paragraph 21 of the Complaint, which are therefore deemed denied.

22.     Mr. Shkreli denies the allegations in paragraph 22 of the Complaint, except admits that Retrophin is a biopharmaceutical company incorporated in Delaware, has common stock registered with the Securities and Exchange Commission (the "Commission") under Section 12(b) of the Exchange Act, and trades on NASDAQ.

23.     Mr. Shkreli denies the allegations in paragraph 23 of the Complaint, except admits that Elea Capital was a hedge fund operated by Mr. Shkreli in 2006 and 2007.

24.     Mr. Shkreli denies the allegations in paragraph 24 of the Complaint, except admits that MSMB Capital LP began trading securities in November 2009.

25.     To the extent that paragraph 25 of the Complaint purports to characterize brokerage and bank account statements, Mr. Shkreli respectfully refers the Court to such statements for their full and complete content and denies any allegations inconsistent therewith. Mr. Shkreli denies the remaining allegations in paragraph 25 of the Complaint.

26.     To the extent that paragraph 26 of the Complaint purports to characterize brokerage and bank account statements, Mr. Shkreli respectfully refers the Court to such statements for their full and complete content and denies any allegations inconsistent therewith. Mr. Shkreli denies the remaining allegations in paragraph 26 of the Complaint.

27.    Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Company A" and "Executing Broker," contained in the second sentence of paragraph 27 of the Complaint, which are therefore deemed denied.  To the extent that paragraph 27 of the Complaint purports to characterize brokerage and bank account statements, Mr. Shkreli respectfully refers the Court to such statements for their full and complete content and denies any allegations inconsistent therewith.  Mr. Shkreli denies the remaining allegations in paragraph 27 of the Complaint.

28.    To the extent that paragraph 28 of the Complaint purports to characterize the terms of the limited partnership agreement of MSMB Capital LP, Mr. Shkreli respectfully refers the Court to such limited partnership agreement for its full and complete content and denies any allegations inconsistent therewith.  Mr. Shkreli denies the remaining allegations contained in paragraph 28 of the Complaint

29.    Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Investor A," contained in paragraph 29 of the Complaint, which are therefore deemed denied.   Mr. Shkreli denies the remaining allegations in paragraph 29 of the Complaint, except states that to the extent that paragraph 29 of the Complaint purports to quote and characterize a July 26, 2010 email, Mr. Shkreli respectfully refers the Court to such email for its full and complete content and denies any allegations inconsistent therewith.

30.    Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Investor A," contained in paragraph 30 of the Complaint, which are therefore deemed denied.  Mr. Shkreli denies the remaining allegations in paragraph 30 of the Complaint, except states that to the extent that paragraph 30 of the

Complaint purports to quote and characterize emails, Mr. Shkreli respectfully refers the Court to such emails for their full and complete content and denies any allegations inconsistent therewith.

31.     Mr. Shkreli denies the allegations contained in paragraph 31 of the Complaint, except states that to the extent that paragraph 31 of the Complaint purports to characterize brokerage and bank account statements, Mr. Shkreli respectfully refers the Court to such statements for their full and complete content and denies any allegations inconsistent therewith.

32.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Executing Broker" contained in paragraph 32 of the Complaint, which are therefore deemed denied.

33.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Executing Broker," "Company A," and "Prime Broker," contained in paragraph 33 of the Complaint, which are therefore deemed denied.

34.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Company A," "Prime Broker," and "Executing Broker," contained in paragraph 34 of the Complaint, which are therefore deemed denied.

35.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations which refer to "Executing Broker," "Prime Broker," and "Company A" contained in paragraph 35 of the Complaint, which are therefore deemed denied.  Mr. Shkreli denies the remaining allegations contained in paragraph 35 of the Complaint, except states that, to the extent paragraph 35 of the Complaint purports to characterize documents, Mr. Shkreli respectfully refers the Court to such documents for their full and complete content and denies any allegations inconsistent therewith.

36.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, which refer to "Company A" and "Executing Broker," contained in paragraph 36 of the Complaint, which are therefore deemed denied.

37.     Mr. Shkreli denies the allegations contained in paragraph 37 of the Complaint, except admits that Mr. Shkreli and MSMB Capital (but not MSMB Healthcare) were among those against whom a FINRA arbitration proceeding was filed, and respectfully refers the Court to any documents filed in that proceeding for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

38.     Mr. Shkreli denies the allegations contained in paragraph 38 of the Complaint, except states that, to the extent that paragraph 38 of the Complaint purports to characterize the terms of a settlement agreement, Mr. Shkreli respectfully refers the Court to such settlement agreement for its full and complete content and denies any allegations inconsistent therewith.

39.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Executing Broker," contained in paragraph 39 of the Complaint, which are therefore deemed denied, except states that, to the extent that paragraph 39 of the Complaint purports to characterize the terms of a settlement agreement, Mr. Shkreli respectfully refers the Court to such settlement agreement for its full and complete content and denies any allegations inconsistent therewith.

40.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations, which refer to "Executing Broker," contained in paragraph 40 of the Complaint, which are therefore deemed denied, except states that, to the extent that paragraph 40 of the Complaint purports to characterize the terms of a settlement agreement, Mr.

Shkreli respectfully refers the Court to such settlement agreement for its full and complete content and denies any allegations inconsistent therewith.

41.     Mr. Shkreli denies the allegations in paragraph 41 of the Complaint, except states that, to the extent that paragraph 41 of the Complaint purports to characterize the limited partnership agreement of MSMB Healthcare LP, Mr. Shkreli respectfully refers the Court to such limited partnership agreement for its full and complete content and denies any allegations inconsistent therewith.

42.     Mr. Shkreli denies the allegations contained in paragraph 42 of the Complaint, except states that, to the extent that paragraph 42 of the Complaint purports to characterize emails, Mr. Shkreli respectfully refers the Court to such emails for their full and complete content and denies any allegations inconsistent therewith.

43.     Mr. Shkreli denies the allegations contained in paragraph 43 of the Complaint, except states that, to the extent that paragraph 43 of the Complaint purports to quote and characterize an email and brokerage and bank account statements, Mr. Shkreli respectfully refers the Court to such documents for their full and complete content and denies any allegations inconsistent therewith.

44.     Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations which refer to "Executing Broker" and "Company A" contained in paragraph 44 of the Complaint, which are therefore deemed denied.  Mr. Shkreli denies the remaining allegations contained in paragraph 44 of the Complaint, except states that, to the extent that paragraph 44 of the Complaint purports to quote and characterize emails, brokerage statements, and account statements, Mr. Shkreli respectfully refers the Court to such emails,

brokerage statements, and account statements for their full and complete content and denies any allegations inconsistent therewith.

45.    Mr. Shkreli denies the allegations contained in paragraph 45 of the Complaint, except states that, to the extent that paragraph 45 of the Complaint purports to quote and characterize performance estimates, Mr. Shkreli respectfully refers the Court to such performance estimates for their full and complete content and denies any allegations inconsistent therewith.

46.    Mr. Shkreli denies the allegations contained in paragraph 46 of the Complaint, except states that, to the extent that paragraph 46 of the Complaint purports to characterize documents, Mr. Shkreli respectfully refers the Court to such documents for their full and complete content and denies any allegations inconsistent therewith.

47.    Mr. Shkreli denies the allegations contained in paragraph 47 of the Complaint, except admits that at least one investor threatened litigation against Mr. Shkreli, MSMB Capital and Retrophin.

48.    Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint, which refer to an unspecified "investor in Elea," except states that, to the extent that paragraph 48 of the Complaint purports to characterize a "$250,000 note," Mr. Shkreli respectfully refers the Court to such note for its full and complete content and denies any allegations inconsistent therewith.

49.    Mr. Shkreli denies the allegations contained in paragraph 49 of the Complaint, except states that, to the extent that paragraph 49 of the Complaint purports to characterize the terms of any agreement, Mr. Shkreli respectfully refers the Court to such agreements for their full and complete content and denies any allegations inconsistent therewith.

50.     Mr. Shkreli denies the allegations contained in paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 51 of the Complaint.

52.     The allegations in paragraph 52 are not directed at Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli denies the allegations in paragraph 52 of the Complaint that refer to him.

53.     The allegations in paragraph 53 are not directed at Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli denies the allegations in paragraph 53 of the Complaint that refer to him.

54.     The allegations in paragraph 54 are not directed at Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli denies the allegations in paragraph 54 of the Complaint that refer to him.

55.     The allegations in paragraph 55 are not directed at Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in

paragraph 55 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli

denies the allegations in paragraph 55 of the Complaint that refer to him.

## FIRST CLAIM FOR RELIEF

56.     In answer to paragraph 56 of the Complaint, Mr. Shkreli incorporates by reference

all of his responses to the foregoing paragraphs as if fully set forth herein.

57.     Paragraph 57 of the Complaint alleges a legal conclusion for which no response is

required.

58.     Paragraph 58 of the Complaint alleges a legal conclusion for which no response is

required.  Mr. Shkreli denies the allegations contained in paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint alleges a legal conclusion for which no response is

required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in

paragraph 59 of the Complaint.

## SECOND CLAIM FOR RELIEF

60.     In answer to paragraph 60 of the Complaint, Mr. Shkreli incorporates by reference

all of his responses to paragraphs 1 through 59 of this Answer as if fully set forth herein.

61.     Paragraph 61 of the Complaint alleges a legal conclusion for which no response is

required.

62.     Paragraph 62 of the Complaint alleges a legal conclusion for which no response is

required.  Mr. Shkreli denies the allegations contained in paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint alleges a legal conclusion for which no response is

required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in

paragraph 63 of the Complaint.

## THIRD CLAIM FOR RELIEF

64.     In answer to paragraph 64 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 63 of this Answer as if fully set forth herein.

65.     Paragraph 65 of the Complaint alleges a legal conclusion for which no response is required.

66.     Paragraph 66 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 66 of the Complaint.

67.     The allegations in paragraph 67 are not directed at Mr. Shkreli and therefore no response is required.  To the extent a response is required, Mr. Shkreli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint, which are therefore deemed denied, except that Mr. Shkreli denies the allegations in paragraph 67 of the Complaint that refer to him.

68.     Paragraph 68 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 68 of the Complaint.

## FOURTH CLAIM FOR RELIEF

69.     In answer to paragraph 69 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 68 of this Answer as if fully set forth herein.

70.     Paragraph 70 of the Complaint alleges a legal conclusion for which no response is required.

71.     Mr. Shkreli denies the allegations contained in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 72 of the Complaint.

## FIFTH CLAIM FOR RELIEF

73.     In answer to paragraph 73 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 72 of this Answer as if fully set forth herein.

74.     Paragraph 74 of the Complaint alleges a legal conclusion for which no response is required.

75.     Paragraph 75 of the Complaint alleges a legal conclusion for which no answer is required.  Mr. Shkreli denies the allegations contained in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint alleges a legal conclusion for which no answer is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 76 of the Complaint.

## SIXTH CLAIM FOR RELIEF

77.     In answer to paragraph 77 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 76 of this Answer as if fully set forth herein.

78.     Paragraph 78 of the Complaint alleges a legal conclusion for which no response is required.

79.     Paragraph 79 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 80 of the Complaint.

81.     Mr. Shkreli denies the allegations contained in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 82 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

83.     In answer to paragraph 83 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 82 of this Answer as if fully set forth herein.

84.     Paragraph 84 of the Complaint alleges a legal conclusion for which no response is required.

85.     Paragraph 85 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 86 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

87.     In answer to paragraph 87 of the Complaint, Mr. Shkreli incorporates by reference all of his responses to paragraphs 1 through 86 of this Answer as if fully set forth herein.

88.     Paragraph 88 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 89 of the Complaint.

90.     Mr. Shkreli denies the allegations contained in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint alleges a legal conclusion for which no response is required.  To the extent a response is required, Mr. Shkreli denies the allegations contained in paragraph 91 of the Complaint.

92.     All allegations that are not expressly admitted above are denied, and Mr. Shkreli reserves the right to withdraw, amend, or modify their answers to the Complaint as later circumstances warrant.

## AFFIRMATIVE DEFENSES

93.     Mr. Shkreli sets forth the following affirmative and other defenses.  Mr. Shkreli does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  Mr. Shkreli reserves the right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim, in whole or in part, against Mr. Shkreli upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to allege sufficient facts to support any claim against Mr. Shkreli.  Plaintiff fails to plead allegations of securities fraud with the requisite level of specificity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege that Mr. Shkreli had knowledge of the alleged improper conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and any other statutory or common law defense based on the passage of time.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails as a matter of law because the statements on which the claims are based did not contain untrue material facts, were statements of opinion, belief, expectations, and judgment, not statements of material fact, and/or did not omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or a reasonable basis.

## NINTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), were accompanied by sufficiently cautionary language such that no reasonable investor would have relied on the allegedly false or omitted statements.

## TENTH AFFIRMATIVE DEFENSE

Any alleged manipulative conduct supposedly undertaken by Mr. Shkreli was undertaken inadvertently, and/or was undertaken wholly without scienter.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Shkreli's acts, representations or omissions as alleged in the Complaint, to the extent they were done or made at all, were done or made in good faith, honestly, and not maliciously. Each of the acts, representations or omissions alleged in the Complaint to be false, misleading or manipulative, if made, which they were not, were made innocently and without knowledge of their purported falsity or manipulative effect.

## TWELFTH AFFIRMATIVE DEFENSE

Mr. Shkreli relied in good faith upon the professional judgments and opinions of outside legal professionals to the extent provided or to the extent those judgments and opinions were refused to be provided.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Shkreli relied in good faith upon the professional judgments and opinions of accounting professionals to the extent provided or to the extent those judgments and opinions were refused to be provided.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged harm, if caused, was not proximately caused by Mr. Shkreli.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims and/or damages were caused by persons and/or entities other than Mr. Shkreli.

## SIXTEENTH AFFIRMATIVE DEFENSE

Mr. Shkreli reserves the right to add any additional defenses that subsequently become apparent during the course of this action.

Mr. Shkreli may have other affirmative defenses against Plaintiff and therefore reserve all rights to assert such defenses as such defenses become available or apparent to them during pre-trial proceedings in this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Shkreli denies all of Plaintiff's prayer for relief and respectfully request judgment in their favor and against Plaintiff:

(a)   Denying Plaintiff all relief requested in its Complaint and dismissing the Complaint in its entirety with prejudice;

(b)   Awarding Mr. Shkreli reasonable attorneys' fees and costs; and

(c)   Such other and further relief as this Court deems just and proper.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

19

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Martin Shkreli hereby

demands a trial by jury on all issues so triable.

Dated:  January 15, 2016
         New York, New York

                                        Respectfully Submitted,

                                        ARNOLD & PORTER LLP

                            By:         /s/ Marcus A. Asner
                                        Marcus A. Asner
                                        399 Park Avenue
                                        New York, New York  10022-4690
                                        Telephone:  (212) 715-1000
                                        Facsimile:  (212) 715-1399
                                        marcus.asner@aporter.com

                                        -and-

                                        Baruch Weiss
                                        601 Massachusetts Avenue, NW
                                        Washington, DC  20001
                                        Telephone:  (202) 942-5000
                                        Facsimile:  (202) 942-5999
                                        baruch.weiss@aporter.com

                                        *Attorneys for Defendant Martin Shkreli*

<u>**CERTIFICATE OF SERVICE**</u>

I, Marcus A. Asner, hereby certify that on this 15th day of January 2016, I caused the foregoing Answer of Defendant Martin Shkreli to be served electronically upon all counsel of record via the Court's Electronic Case Filing ("ECF") system, pursuant to Fed. R. Civ. P. 5(b) and Local Civ. R. 5.2.


By: _____*/s/ Marcus A. Asner*_____
Marcus A. Asner