UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

                                              15 CV 7175 (KAM)

      - against -

MARTIN SHKRELI,
EVAN GREEBEL,
MSMB CAPITAL MANAGEMENT LLC, and
MSMB HEALTHCARE MANAGEMENT LLC,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
<u>APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS</u>

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

WINSTON M. PAES
ALIXANDRA E. SMITH
Assistant U.S. Attorneys
(Of Counsel)

## PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case (the "Civil Case") and to stay civil proceedings because of the pendency of the parallel criminal case, United States v. MARTIN SHKRELI and EVAN GREEBEL, 15 CR 637 (KAM) (the "Criminal Case"), which has been filed in this district, and a related, ongoing grand jury investigation.   The same underlying facts are at issue in both the civil and the criminal matters.   Defendant Shkreli, who was arrested and is out on bail in the Criminal Case, has advised the government through retained counsel (Arnold & Porter LLP)[1] that he opposes the government's motion for a stay of the Civil Case.   Defendant Greebel, who was arrested and is out on bail in the Criminal Case, has advised the government through retained counsel (Morvillo Abramovitz LLP) that he too opposes the government's motion for a stay of the Civil Case.   The government has also consulted with the U.S. Securities and Exchange Commission ("SEC"), which does not oppose the entry of the requested order to stay the Civil Case.

A stay of proceedings is appropriate because the government's motion is timely and the same alleged fraudulent schemes are at issue in both the Civil and Criminal Cases. Moreover, a stay of proceedings is necessary, as defendants Shkreli and Greebel should not be permitted to use civil discovery in the Civil Case to avoid the restrictions on criminal discovery

---

[1]   Defendant Shkreli initially retained Arnold & Porter LLP to represent him in both the Criminal and Civil Cases.   On January 6, 2016, the government asked Arnold & Porter LLP whether defendant Shkreli would oppose the government's motion for a stay of the Civil Case.   On January 15, 2016, Arnold & Porter LLP first filed an answer in the Civil Case on defendant Shkreli's behalf, and then informed the government that defendant Shkreli would oppose any motion to stay the Civil Case.   Subsequently, on January 18, 2016, Arnold & Porter LLP advised the government that Shkreli had terminated their representation of him in both the Criminal and Civil Cases.   As of the date of this filing, the government does not know whether defendant Shkreli has retained new counsel in the Civil Case or whether his position with respect to a stay has changed.

1

that would otherwise pertain to them in the Criminal Case.   A stay is also necessary to preserve the secrecy of the ongoing grand jury proceedings, and could promote judicial economy. Accordingly, the United States respectfully requests that the Court: (1) permit the government to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that civil proceedings in the Civil Case be stayed until the conclusion of the related Criminal Case and the ongoing grand jury investigation.

<u>FACTUAL BACKGROUND</u>

I.      <u>The Civil Case</u>

On December 17, 2015 (the "SEC Complaint") (Docket No. 1), the SEC filed a complaint against defendants Martin Shkreli, Evan Greebel, MSMB Capital Management LLC and MSMB Healthcare Management LLC (the "Civil Defendants").   The complaint alleges that, from at least October 2009 through March 2014, defendant Shkreli "orchestrated" "widespread fraudulent conduct," some of which he engaged in through investment advisers that he controlled, defendants MSMB Capital Management LLC ("MSMB Adviser") and MSMB Capital Healthcare Management LLC ("MSMB Healthcare Adviser"), and some of which was "aided and abetted" by defendant Greebel, who served as defendant Shkreli's attorney.   SEC Complaint at 1-3. Specifically, the SEC Complaint alleges that, in connection with two hedge funds founded and managed by defendant Shkreli – MSMB Capital Management LP ("MSMB") and MSMB Healthcare LP ("MSMB Healthcare") – defendant Shkreli, either on his own or through MSMB Adviser and/or MSMB Healthcare Adviser, "made material misrepresentations and omissions to investors and prospective investors in MSMB; lied to one of MSMB's executing brokers about MSMB's ability to settle short sales Shkreli had made in MSMB's account; and misappropriated funds from MSMB and MSMB Healthcare."   SEC Complaint at 2.   The SEC Complaint further

alleges that "[l]ater, after [defendant] Shkreli had founded and taken public a pharmaceutical company, Retrophin, Inc. ("Retrophin"), Shkreli, aided and abetted by Greebel, fraudulently induced Retrophin to fund settlements with persons who had claims against Shkreli arising out of their investments" in MSMB and MSMB Healthcare.   Id.

During the course of the investigation that resulted in the filing of the SEC Complaint, defendant Shkreli provided testimony to the SEC on August 23, 2013 and February 24, 2014.   The SEC also requested that defendant Shkreli provide testimony in connection with the investigation in 2015, after defendant Shkreli had been advised that he was the subject of an investigation by the United States Attorney's Office for the Eastern District of New York.   At that time, defendant Shkreli elected to assert his Fifth Amendment right not to provide testimony to the SEC.

II.     The Criminal Case

On December 14, 2015, a federal grand jury sitting in the Eastern District of New York returned an indictment charging two of the Civil Defendants, defendants Shkreli and Greebel, with, inter alia, the same conduct alleged in the SEC Complaint.   Specifically, the indictment alleges that in or about and between September 2009 and September 2014, defendant Shkreli, together with defendant Greebel and others, orchestrated "three interrelated fraudulent schemes" whereby they agreed to, inter alia, (1) "defraud investors and potential investors in MSMB [] by inducing them to invest in MSMB [] through material misrepresentations and omissions about, inter alia, the prior performance of the fund, its assets under management and the retaining of an independent auditor and administrator; and then by preventing redemptions by investors in MSMB [] through material misrepresentations and omissions about, inter alia, the performance of the fund and the misappropriation by [defendant] Shkreli and others of fund

assets"; (2) "defraud investors and potential investors in MSMB Healthcare by inducing them to invest in MSMB Healthcare through material misrepresentations and omissions about, inter alia, the prior performance of the fund, its assets under management and existing liabilities; and then by preventing redemptions by investors in MSMB Healthcare through material misrepresentations and omissions about, inter alia, the performance of the fund and the misappropriation by [defendant] Shkreli and others of fund assets"; and (3) "defraud Retrophin by misappropriating Retrophin's assets through material misrepresentations and omissions in an effort to satisfy [defendant] Shkreli's personal and unrelated professional debts and obligations," including by causing Retrophin to enter into settlement and/or sham consulting agreements with, inter alia, defrauded MSMB and MSMB Healthcare investors to settle liabilities owed by the MSMB funds and defendant Shkreli.

ARGUMENT

POINT ONE

INTERVENTION IS APPROPRIATE

I.    Applicable Law

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis.  Either avenue justifies intervention by the United States in the present action.  See In re Air Cargo Shipping Servs. Antitrust Litig., M.D.L. No. 1775, 06-MD-1775, 2010 U.S. Dist. LEXIS 128950, at *58, 62-63 (E.D.N.Y. Dec. 3, 2010) (granting motion, noting that "[w]hether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery").

4

Federal Rule of Civil Procedure 24(a) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).   Intervention is appropriate under Federal Rule of Civil Procedure 24(a) if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest, and the party's interests are not adequately represented in the action.   See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006); Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967) (permitting State of California to intervene under Rule 24(a) in antitrust case to protect state's "interest" in promoting competition in California).

Additionally, a court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact."   Fed. R. Civ. P. 24(b)(2).   Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court."   United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).   In exercising their discretion, courts consider the nature and extent of the intervener's interests, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are adequately represented by the existing parties.   See Berroyer v. United States, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012); Miller v. Silbermann, 832 F. Supp. 663, 673-74 (S.D.N.Y. 1993).

II.     Discussion

        Allowing the United States to intervene in this case under Rule 24 is appropriate. The United States' motion is timely, as it is being filed before any discovery has taken place in the Civil Case.[2]   Additionally, no party has suffered prejudice.   Moreover, as demonstrated above, the same alleged fraudulent schemes are at issue in both the Civil Case and the Criminal Case.

        When government prosecutors have advised courts that they are conducting criminal prosecutions or investigations of individuals involved in a pending civil action, the courts have regularly permitted the government to intervene to request a stay of proceedings or discovery in the ongoing civil cases.   See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (permitting government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); see also SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); SEC v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126 at *11 (S.D.N.Y. Jan. 26, 1993); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).

        Intervention is warranted as a matter of right under Rule 24(a)(2) in light of the strong interest of the government and the public in the enforcement of criminal laws.   See, e.g., Cascade Natural Gas Co., 386 U.S. at 132-36 (permitting intervention as of right by State in antitrust proceedings because of public interest in effective competition); SEC v. Realty & Improvement Co., 310 U.S. 434, 458-60 (1940) (SEC should have been permitted to intervene in

---

[2]   On January 15, 2016, simultaneous with the filing of an answer to the SEC Complaint, defendant Shkreli served on the SEC requests for the production of documents, and provided the Court with a request to schedule a discovery planning conference as soon as possible.   As detailed infra in footnote 1, these filings were made nine days after the government advised defendant Shkreli of its intention to file a motion to stay, and before defendant Shkreli advised the government that he would oppose such a motion.

bankruptcy proceeding because resolution of that proceeding might "defeat the public interests which [the SEC] was designated to represent").  That interest may be substantially impaired if civil proceedings were allowed to continue in this matter before the resolution of the Criminal Case, as explained further in Point II below.

Courts have specifically recognized that the government "has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."   Chestman, 861 F.2d at 50; see Morris v. Am. Fed'n of State, County & Mun. Employees, No. 99 Civ. 5125 (SWK), 2001 WL 123886 at *1 (S.D.N.Y. Feb. 9, 2001) (permitting the District Attorney to intervene in civil action to request stay of discovery); Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same); First Merchs. Enter., Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214 at *2-*3 (S.D.N.Y. Mar. 16, 1989) (allowing the United States Attorney to intervene in a civil action).

Intervention is also warranted as an exercise of this Court's discretionary authority because the Civil Defendants are charged with engaging in essentially the same schemes in the Criminal Case.   Indeed, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case – namely, whether the defendants charged in both the Civil and Criminal Cases schemed to defraud investors and potential investors in the MSMB entities by misrepresentations and omissions about, inter alia, the fund's current and prior performance, the fund's assets under management, the retention of an independent auditor and administrator, and Shkreli's misappropriation of fund assets; and schemed to defraud Retrophin by misappropriating Retrophin's assets through material misrepresentations and omissions in an effort to satisfy defendant Shkreli's personal and unrelated

professional debts and obligations, including by causing Retrophin to enter into settlement and/or sham consulting agreements.   The United States seeks only a stay of the proceedings, and its intervention will not alter the parties' respective positions.   In fact, the criminal prosecutions may benefit the civil parties, by bringing out facts relevant to the Civil Case and streamlining the ensuing litigation.   Accordingly, this Court should permit the government to intervene.

<u>POINT TWO</u>

<u>STAY OF CIVIL PROCEEDINGS SHOULD BE GRANTED</u>

I.      <u>Applicable Law</u>

District courts have the inherent authority to stay their own civil proceedings.   <u>See</u> <u>Landis v. N. Am. Co.</u>, 299 U.S. 248 (1936).   A stay of proceedings and discovery in a civil case is particularly appropriate when, as here, a criminal indictment has been filed.   <u>See</u> <u>Doody</u>, 186 F. Supp. 2d at 381 ("Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the Criminal Case."); <u>Twenty First Century Corp.</u>, 801 F. Supp. at 1011 ("[C]ourts are more likely to grant [a stay] when an indictment has already been issued.").   Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders.   <u>See</u> <u>SEC v. Dressler</u>, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In making the determination whether to exercise its discretion to stay the civil proceedings, the Court should balance the following considerations:

> (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

Twenty First Century Corp., 801 F. Supp. at 1010 (citations and quotations omitted).   As described below, each of these factors weighs in favor of granting a stay of civil proceedings in the Civil Case until the conclusion of the criminal prosecutions.

II.      Discussion

         A.      A Stay Will Prevent Unfair Prejudice to the Government

                 A stay of the civil proceedings is appropriate to prevent defendants Shkreli and Greebel from taking unfair advantage of broad civil discovery rules in the Civil Case to avoid the restrictions that would otherwise pertain to them as defendants in the Criminal Case.   The Second Circuit Court of Appeals has recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter."   Chestman, 861 F.2d at 50.   The vastly different rules that apply to discovery in civil and criminal cases are important reasons for staying civil proceedings and discovery in cases where there are parallel criminal proceedings. See, e.g., Bridgeport Harbour Place I, LLC, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); Twenty First Century Corp., 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases") (Kaplan, J,); Phillip Morris Inc. v. Heinrich, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may

have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); <u>Governor of the Fed'l Reserve System v. Pharaon</u>, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery") (citations omitted).   Unlike in a civil case, criminal defendants ordinarily are not entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules.   <u>See</u>, <u>e.g.</u>, Fed. R. Crim. Proc. 15(a).   Nor are they able to obtain documents reflecting prior statements of witnesses before trial.   <u>See</u> 18 U.S.C. § 3500; Fed. R. Crim. Proc. 16(a).   Likewise, the criminal discovery rules require production only of those documents which the government intends to offer at trial, or which are material to the defense.   <u>See</u> Fed. R. Crim. Proc. 16(a)(1)(C).

Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants. Three major reasons regularly identified by the courts in justifying narrow criminal discovery are that: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.   <u>Nakash v. U.S. Dep't of Justice</u>, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); <u>see also</u> <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 n.12 (5th Cir. 1962); <u>Raphael v. Aetna Cas. & Sur.</u>, 744 F. Supp. 71, 75 (S.D.N.Y. 1990); <u>Founding Church of Scientology v. Kelley</u>, 77 F.R.D. 378, 381 (D.D.C. 1977).

Here, discovery by the defendants of the notes of interviews of witnesses, or the taking of such witnesses' depositions, would undoubtedly provide information to the defendants not otherwise discoverable in the Criminal Case, and shed light on the strategies and progress of the ongoing grand jury investigation as well as any resulting prosecution, thus enhancing the defendants' ability to manufacture evidence or tailor testimony, and otherwise severely hamper the government's ability to conduct an orderly investigation and prosecution.  In fact, as detailed infra in footnote 2, defendant Shkreli has already served on the SEC a series of document requests that demonstrate that he wishes to seek via civil discovery materials that he is not entitled to at this time in the Criminal Case, such as witness statements; for example, Request #3 seeks "All transcripts of any testimony taken by Plaintiff of any witness in connection with Plaintiff's investigation of any or all of the Defendants."  See 1/15/2016 Shkreli Document Requests to SEC, attached hereto as Exhibit A.   At the same time that defendant Shkreli seeks such discovery, he will (as will defendant Greebel) be entitled to assert his Fifth Amendment right not to provide similar materials to the SEC, as he previously refused to provide testimony in 2015 in the SEC investigation that led to the filing of the Civil Case.

As the government will suffer irreparable prejudice if defendants Shkreli and Greebel are permitted to obtain broad civil discovery – such as deposition and interrogatory discovery – prior to the conclusion of the criminal proceeding, the requested stay should be granted.

B.    A Stay Would Serve the Public Interest in Law Enforcement

It is well-settled that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."   Campbell, 307 F.2d at 487;

11

see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 48 (S.D.N.Y. 1989).   Indeed, one court

has observed that "where both civil and criminal proceedings arise out of the same or related

transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until

disposition of the criminal matter."   United States v. One 1964 Cadillac Coupe DeVille, 41

F.R.D. 352, 353 (S.D.N.Y. 1966).

Stays of proceedings and discovery in civil actions reflect a recognition of the vital

interests at stake in a criminal prosecution.   See, e.g., United States v. Kordel, 397 U.S. 1, 12 n.27

(1970) ("Federal courts have deferred civil proceedings pending the completion of parallel

criminal prosecutions when the interests of justice seemed to require such action, sometimes at the

request of the prosecution").   Stays have been granted to halt civil litigation that threatened to

impede criminal investigations which had yet to yield an indictment.   For example, stays have

been granted to avoid interference in investigations relating to tax fraud, see, e.g., Campbell, 307

F.2d at 480, insider trading, see, e.g., Chestman, 861 F.2d at 50; Downe, 1993 WL 22126 at *1,

insurance fraud, see, e.g., Raphael, 744 F. Supp. at 73, bank fraud, see, e.g., Pharaon, 140 F.R.D. at

639, customs violations, see, e.g., R.J.F. Fabrics, Inc. v. United States, 651 F. Supp. 1437 (U.S. Ct.

Int'l Trade 1986), and immigration fraud, see, e.g., Souza v. Shiltgen, No. C-95-3997 MHP, 1996

WL 241824 at *1 (N.D. Cal. May 6, 1986).

A stay is especially appropriate here because there is an indictment filed against

two of the defendants in the Civil Case for engaging in the same activities that are the subject of

that lawsuit.   The prosecution in this case will therefore vindicate substantially the same public

interest underlying the SEC's civil action, namely preventing corporate securities fraud.   See,

e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal

prosecution would serve to advance public interest in preserving integrity of competitive markets).

C.    The Civil Parties Will Not Be Prejudiced by the Proposed Stay

The SEC, which does not oppose the filing of the requested order, and the Civil Defendants, which oppose the filing of the requested order, will save significant resources by allowing the Criminal Case to proceed unencumbered by the burdens of civil proceedings and discovery.   As described above, two of the Civil Defendants have been charged in the Criminal Case.   If these defendants are convicted in the Criminal Case, they will in all likelihood not proceed to trial in the Civil Case.   See SEC v. Freeman, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action").

Defendants Shkreli and Greebel are also likely to choose to assert their Fifth Amendment rights against self-incrimination in the Civil Case.   As detailed above, it would be unfair to permit them to obtain discovery while not requiring that they provide the same.   A stay would also be likely to streamline discovery for the SEC and any defendants who remain in the Civil Case after the conclusion of the criminal proceedings.   See Twenty First Century Corp., 801 F. Supp. at 1011 (noting that civil discovery due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties."). The SEC and the Civil Defendants will therefore benefit from, as opposed to be prejudiced by, a stay of proceedings and discovery in the Civil Case.

D.    The Court Will Not Be Inconvenienced If It Stays Proceedings in the Civil Case

The Court will not be inconvenienced as a result of the stay.   To the contrary, as stated above, should the Criminal Case result in convictions, it could greatly streamline the Civil Case.   A stay of civil proceedings is also likely to narrow or eliminate factual issues in the civil

13

litigation.   See, e.g., In re Grand Jury Proceedings, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993)

("Although stays delay civil proceedings, they may prove useful as the criminal process may

determine and narrow the remaining civil issues."); United States v. Mellon Bank, 545 F.2d 869,

873 (3rd Cir. 1976) (affirming a stay of discovery and stating: "[I]t might well have been that

resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the

civil case."); Brock v. Tolkow, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (in granting a stay, noting

that "the resolution of the criminal case might reduce the scope of discovery in the civil case or

otherwise simplify the issues.").   All of this will save the Court's time and resources when the

civil proceedings stay is lifted at the conclusion of the criminal proceedings.

CONCLUSION

In sum, the interests of the public, the government, the parties, and the Court

strongly weigh in favor of granting this motion for a stay.   In the interests of permitting the

government to complete its prosecution in the Criminal Case, as well as the ongoing criminal

investigation, the government respectfully requests that its motion for a stay of civil proceedings in

the Civil Case be granted.

Dated:   Brooklyn, New York
         January 25, 2016

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

_____/s/_____
Winston M. Paes
Alixandra E. Smith
Assistant U.S. Attorneys
(718) 254-6023 (Paes)

Cc:   Clerk of the Court (KAM)
      All Counsel (By ECF)

14