UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,<br><br>      Defendants. | Civil No. 1:15-cv-07175 (KAM) (RML) |

## DEFENDANT MARTIN SHKRELI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Martin Shkreli ("Defendant") hereby requests that Plaintiff Securities and Exchange Commission ("Plaintiff") respond to the following First Set of Requests for Production of Documents ("Requests"), and produce for inspection and copying each document specified below that is within Plaintiff's possession, custody, or control. Defendant requests that within 30 days of service of these Requests, Plaintiff serve any objections to the Requests and produce the documents specified below for inspection and copying at the offices of Arnold & Porter LLP, 399 Park Avenue, New York, NY 10022.

## DEFINITIONS

The following definitions do not change or limit the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Eastern District of New York. Those

definitions are incorporated herein by reference. Unless the context indicates otherwise, the following additional words and phrases shall be defined and used as follows:

1. The term "Plaintiff" means Plaintiff Securities and Exchange Commission.

2. The term "Defendants" means Defendants Martin Shkreli, MSMB Capital Management LLC, MSMB Healthcare Management LLC, and/or Evan Greebel.

3. The terms "and" and "or" are to be read in both the conjunctive and disjunctive and shall serve as a request for information that would be responsive under a conjunctive reading in additional to all information that would be responsive under a disjunctive reading.

4. The terms "all," "each," and "any" shall be construed to mean all and each and every.

5. "You," "Your," or "Plaintiff" means Plaintiff, as well as each of its agents, attorneys, and any other persons acting or purporting to act on Plaintiff's behalf.

6. "Referring or relating to" means: regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining, dealing with, relating to, referring to in any way, or is in any manner whatsoever pertaining to the subject, including, but not limited to, documents concerning the preparation of other documents.

7. The term "person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

8. The "Complaint" refers to the Complaint filed in this action on December 17, 2015.

9. "Communication" means any written or oral statements, discussions, conversations, meetings, remarks, questions, answers, or other transfers of information, including without limitation communications and statements that are face-to-face and those that are transmitted by writing or by media such as intercoms, telephones, including cellular phones, computers, television or radio by and between any natural persons or business, corporate, governmental, or other organizational entities, or by and between representatives, employees, agents, brokers or servants of any natural person or business, corporate, governmental or other organizational entity.

10. "Document" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, a record, in whatever medium (*e.g.*, paper, computerized format, e-mail, photograph, audiotape) it is maintained, and includes originals and each and every non-identical copy of all writings of every kind, including drafts, legal pleadings, brochures, circulars, advertisements, letters, internal memoranda, minutes, notes or records of meetings, reports, comments, affidavits, statements, summaries, messages, worksheets, notes, correspondence, diaries, calendars, appointment books, registers, travel records, tables, calculations, books of account, budgets, bookkeeping or accounting records, telephone records, stenographic notes, financial data, checks, receipts, financial statements, annual reports, accountants' work papers, analyses, forecasts, statistical or other projections, newspaper articles, press releases, publications, tabulations, graphs, charts, maps, public records, telegrams, books, facsimiles, agreements, opinions or reports of experts, records or transcripts of conversations, discussions, conferences, meetings or interviews, whether in person or by telephone or by any other means and all other forms or types of written or printed matter or tangible things on which any words, phrases or numbers are affixed, however produced or reproduced and wherever

3

located, which are in Your Possession, Custody or Control. The term "Document" includes electronic mail and attachments, data processing or computer printouts, tapes, documents contained on floppy disks, hard disks, computer hard drives, CDs, and DVDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording information, as well as tape, file or cassette sound or visual recordings and reproduction for film impressions of any of the aforementioned writings. As indicated, the term "Document" further includes all electronic records or representations of the foregoing writings in their original or native format and with the accompanying metadata in a readable, searchable form.

11. Any verb used in any tense means such verb in all of its tenses.

12. Terms not otherwise defined herein shall have their ordinary and normal meanings.

## INSTRUCTIONS

1. Document sought by these Requests shall include information and documents within Your possession, custody or control.

2. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding parties, as well as their agents, representatives, consultants, and, unless privileged, attorneys.

3. If it is known that any document or any set of documents responsive to these Requests was, but no longer is, in your possession, custody or control, state what disposition was made of the document (such as lost or destroyed) and when, and state the date of that disposition.

4. Selection of documents from files and other sources shall be performed in such a manner as to insure that the source and location of each document may be readily determined.

5. File folders and other containers in which you find documents responsive to these Requests, and labels identifying those folders and other containers, shall be produced intact with such documents.

6. Documents attached to each other shall not be separated unless sufficient records are kept to permit reconstruction of such grouping and the separation is identified.

7. Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in character. You are thus required to supplement your production, if, at any time before trial, you learn that your prior production is in some material respect incomplete or incorrect.

8. If any document is withheld under claim of privilege or work product, identify the nature of the privilege being claimed in addition to the information required under Local Civil Rule 26.2(a)(2)(A).

9. All document requests should be responded to in accordance with the Instructions and Definitions provided herein.

10. If you do not clearly understand, or have any questions about the definitions, instructions or any request for documents, please contact counsel promptly for clarification.

### **REQUESTS**

1. All documents referred to and/or incorporated by reference in the Complaint.

2. All documents subpoenaed by and/or produced to Plaintiff by any third party in connection with Plaintiff's investigation of any or all of the Defendants.

3. All transcripts of any testimony taken by Plaintiff of any witness in connection with Plaintiff's investigation of any or all of the Defendants.

    4.    All exhibits or other documents introduced or otherwise used in connection with any testimony taken by Plaintiff of any witness in connection with Plaintiff's investigation of any or all of the Defendants.

Dated: January 15, 2016  
       New York, New York

ARNOLD & PORTER LLP

By:    */s/ Marcus A. Asner*  
Marcus A. Asner  
399 Park Avenue  
New York, New York  10022-4690  
Telephone:  (212) 715-1000  
Facsimile:  (212) 715-1399  
marcus.asner@aporter.com

-and-

Baruch Weiss  
601 Massachusetts Avenue, NW  
Washington, DC  20001  
Telephone:  (202) 942-5000  
Facsimile:  (202) 942-5999  
baruch.weiss@aporter.com

*Attorneys for Defendant Martin Shkreli*

## **CERTIFICATE OF SERVICE**

I, Kevin T. Sullivan, hereby certify that on this 15th day of January 2016, I caused to be served the foregoing Defendant Martin Shkreli's First Set of Requests for the Production of Documents to Plaintiff on:

> Paul G. Gizzi
> Eric M. Schmidt
> Securities and Exchange Commission
> New York Regional Office
> 200 Vesey Street, Suite 400
> New York, New York 10281-1022
> *Attorneys for Plaintiff*

by Fedex.

By:    */s/ Kevin T. Sullivan*
       Kevin T. Sullivan