UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

15 Cv. 07175 (KAM) (RML)

---

SECURITIES AND EXCHANGE COMMISSION

- against –

MARTIN SHKRELI,
                    Defendant.

---

MEMORANDUM OF LAW IN OPPOSITION TO
GOVERNMENT'S REQUEST TO STAY THE PROCEEDINGS

BRAFMAN & ASSOCIATES, P.C.
*By:*    Benjamin Brafman, Esq.
        Marc Agnifilo, Of Counsel
        Andrea Zellan, Esq.
        *Attorneys for Martin Shkreli*
        767 3rd Avenue, 26th FL
        New York, NY 10017
        Tel: (212) 750-7800
        Fax: (212) 750-3906

## Table of Contents

Preliminary Statement ....................................................................................................................1

Factual and Procedural Background ..............................................................................................1

Argument .......................................................................................................................................3

    I.    Applicable Law ...................................................................................................................3

    II.   Analysis ..............................................................................................................................5

    III.  Conclusion .........................................................................................................................9

# TABLE OF AUTHORITIES

### Federal Cases

*SEC v. Chakrapani,* Nos. 09 Civ. 325, 09 Civ. 1043, 2010 WL 2605819, at *10, *11 (S.D.N.Y. June 29, 2010) .................................................................................................. 1, 7-8

*SEC v. Cioffi,* No. 08–CV–2457, 2008 WL 4693320, at * 2 (E.D.N.Y. Oct. 23, 2008) ....................... 1, 5, 6

*SEC v. Gupta,* No. 11 Civ. 7566, 2011 WL 597759 *1 (S.D.N.Y. Nov. 30, 2011) ............................... 1, 5-6

*SEC v. Oakford,* 181 F.R.D. 269, 272 (S.D.N.Y. Aug. 10, 1998) ................................................................ 5, 6

*SEC v. Saad,* 229 F.R.D. 90, 91, 92 (S.D.N.Y. July 23, 2005) ............................................................... 1, 4, 6

*Twenty First Century Corp. v. LaBianca,* 801 F.Supp. at *1007, *1010 (E.D.N.Y. Sept. 25, 1992) ........ 1, 6

*United States v. Kordel,* 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 770 n.27 (1970) .............................................. 1

**Preliminary Statement**

The United States Department of Justice and the U.S. Securities and Exchange Commission have joined forces to bring two significant federal cases – one criminal and the other civil - against Martin Shkreli. However, as is typical with these types of parallel filings, the government wishes to stay the progress of the civil case for fear that the broader discovery rules attendant to the civil matter will threaten or disrupt the criminal matter. Defendant Shkreli respectfully opposes the government's request, and asserts that a full stay of the civil proceedings is not necessary, appropriate or, indeed, fair.

As more fully discussed and described below, the government's concerns that discovery in this civil case may compromise grand jury secrecy or other aspects of its criminal case can be fully remedied without a blanket stay of the civil matter. We therefore encourage the Court to adopt a modified stay of a type employed by courts in several prior cases, as set forth below. Specifically, civil discovery should move forward with the understanding that if the government wishes to oppose the deposition of a particular witness, that it shall set forth its basis for such objection. In regard to anyone charged with a crime, such person would have the right to avoid deposition by invoking his or her Fifth Amendment right against self-incrimination. We believe this procedure is fair to the government, the Court and the defendant.

**Factual and Procedural Background**

This Court is familiar with the allegations in the instant complaint and in the parallel criminal indictment. The government has recounted its, and the SEC's, allegations against Mr. Shkreli in its submission to the Court, and we will not repeat them here. However, a few additional details are necessary to frame the issues raised in the government's stay motion.

Martin Shkreli has been under investigation by the SEC since 2013. He learned in early 2015 that a parallel investigation had been launched by the government. On December 14, 2015, a sealed indictment was filed in the United States District Court for the Eastern District of New York. Three days later, on December 17, 2015, Mr. Shkreli was arrested at his home on the indictment, which was unsealed. In clear coordination with the criminal authorities, the SEC filed the instant complaint the same day.

Each of these cases is very serious. While the criminal case may obviously result in the loss of a defendant's freedom, the civil matter jeopardizes Mr. Shkreli's livelihood, reputation and future career prospects. He is eager, as is his right, to start the discovery process as to both cases. However, after working in coordinate fashion with the SEC, all the while knowing two cases would be brought, the U.S. Attorney asks that the civil case - with its specific and detailed allegations of significant wrongdoing – essentially be ignored. Specifically, on January 25, 2016, the government moved to intervene in the civil SEC case and also moved to stay the civil SEC litigation.

Mr. Shkreli, on the other hand, wants discovery in the SEC matter to go forward and he opposes the government motion for a blanket stay of that proceeding. Accordingly, Mr. Shkreli asks the Court to deny the government's motion for a stay, and to allow the litigation to continue with the proviso that if the government has an articulable basis to oppose the deposition of a specific witness, or to oppose disclosure of a specific document, that the government raise such objection.

**Argument**

I.    Applicable Law

Federal courts have the inherent power and discretion to stay civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice "seem[ed] to require such action." United States v. Kordel, 397 U.S. 1, 12, 90 S. Ct. 763, 770, 25 L. Ed. 2d 1, n. 27 (1970), Twenty First Century Corp. v. LaBianca, 801 F.Supp. 1007, 1010 (E.D.N.Y. Sept. 25, 1992). "In making this determination, the court should balance: (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest." Twenty First Century Corp., at 1010. See SEC v. Chakrapani, 2010 WL 2605819 *10 (S.D.N.Y. June 29, 2010).

In several prior cases, district courts have reviewed these factors, and in the exercise of discretion have determined that despite the government's objection, the civil litigation should nonetheless proceed. On at least two occasions, the Honorable Jed Rakoff of the Southern District of New York has denied government motions for a stay of SEC civil proceedings even where, as here, there is a pending parallel criminal case. See SEC v. Saad, 229 F.R.D. 90, (S.D.N.Y. July 23, 2005); SEC v. Gupta 2011 WL597759 *1 (S.D.N.Y. Nov. 30, 2011). See also SEC v. Cioffi, 2008 WL 4693320 (E.D.N.Y. October 23, 2008) and SEC v. Chakrapani, 2010 WL2605819 (S.D.N.Y. June 29, 2010).

In his ruling in SEC v. Saad, 229 F.R.D. 90, 91, 92 (S.D.N.Y. July 23, 2005), Judge Rakoff balanced the interests of the prosecutors with those of the defendants in the parallel civil and criminal proceedings. He denied the government's blanket request for a stay, but granted the

government's more specific request to postpone the civil depositions of the six defendants in the civil litigation. Two of those defendants, the court found, would certainly invoke their 5th Amendment privilege because they remained defendants in the pending criminal case. The other four defendants were chief witnesses in the government's case. Judge Rakoff reasoned as follows:

> …[I]t is stranger still that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously.
>
> In any event, the Court, for reasons it had already explained in prior rulings, denied the motion of the U.S. Attorney's Office seeking a general stay of discovery in the SEC case. The Court was persuaded, however, to postpone until after the completion of the criminal trial (which is also assigned to this judge and which is firmly scheduled to begin on November 1, 2005) the civil depositions of the six defendants, two of whom are the defendants in the criminal case and the other four of whom are the Government's chief witnesses in the criminal case. Although it was the U.S. Attorney's Office that sought this accommodation, it makes perfect sense in terms of the civil case, since, until the criminal case is resolved, there is a high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct of all six of these depositions."
> Id. at 91. *Citations omitted.*

Judge Rakoff also considered a specific request by the government to prevent the SEC from turning over certain documents to defense counsel during the course of discovery. The government argued that handwritten notes made by a witness in its criminal case should not be disclosed. Judge Rakoff explained his ruling as follows:

> "[t]here is simply no good reason why these documents which are patently relevant to the civil case and which the SEC was prepared to turn over to the defendants without hesitation should not be turned over. The U.S. Attorney's Office says that it would eventually be turning over these notes in the criminal case as part of its broad view of what constitutes Jencks Act material of its cooperating witnesses, and it has previously committed to turn over all Jencks Act material well in advance of the criminal trial. Its argument thus reduces to the near-frivolous position that, in some wholly speculative way, it would be prejudiced by having the SEC give these notes to the defendants a month or two sooner than they would otherwise receive them." Id. at 92.

Judge Rakoff is not alone. In SEC v. Cioffi, Judge Block likewise recognized the defendant's legitimate interest in a prompt resolution of the SEC allegations against him. Accordingly, he denied the government's blanket request for a stay. However, the Court gave prosecutors the option of using a "far more sensible approach which is to allow discovery to go forward but to allow the U.S. Attorney to object to particular requests" by the defendants. Cioffi at *2, *citing*, SEC v. Oakford, 181 F.R.D. 269 (S.D.N.Y. Aug. 10, 1998).

In Gupta 2011 WL597759 at *1, Judge Rakoff crafted a procedure where, as requested here, civil discovery could commence with the government having the ability to oppose specific disclosure. Although Defendant Gupta already had the benefit of discovery in two related cases and a short trial schedule for his criminal case, and testimony taken by the SEC in preparation for his own case, Judge Rakoff nonetheless determined that there was no "material argument whatsoever for delaying depositions of certain identified witnesses." Id. By crafting a reasonable solution in a complex case involving parallel criminal and SEC proceedings, Judge Rakoff moved the SEC case forward by ordering depositions of specific individuals while at the same time, protecting legitimate government interests by postponing those depositions deemed problematic by the government.[1]

2. Analysis

The five factors identified in Twenty-First Century Corp are entirely consistent with the approach employed in Saad, Cioffi and Gupta. Cioffi at *2, *citing*, SEC v. Oakford, 181 F.R.D. 269 (S.D.N.Y. Aug. 10, 1998). In each of these cases, the court balanced a defendant's important

---

[1] Prior to ruling, Judge Rakoff had instructed the SEC and the defendants to identify the ten people they most wished to depose and to designate which five of those ten people they most wished to depose before the conclusion of the criminal trial. He then ordered the U.S. Attorney in the parallel proceeding to identify, in writing, which witnesses on the defendants' lists they were unlikely to call as witnesses at defendant Gupta's trial. He then coordinated the lists to identify the specific individuals that could be deposed without prejudicing the prosecution case. SEC v. Gupta 2011 WL597759 *1 (S.D.N.Y. Nov. 30, 2011).

5

interest in expeditiously defending against the civil action with the government's concerns regarding prejudice by allowing for limited but significant discovery in the civil matter.

The first two factors – (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed…[and] (2) the private interests of and burden on the defendant." weigh heavily in favor of the defendant. With respect to prejudice that might be suffered by the plaintiff, the SEC suffers no prejudice if the civil litigation proceeds. The SEC filed its complaint against Mr. Shkreli on the very day of Mr. Shkreli's arrest and the unsealing of the criminal indictment; the simultaneity had to be known to both the SEC and the government, and had to be the result of a deliberate and strategic choice made by the agencies. The SEC cannot now argue that when making the choice to file on December 17th it did so expecting a stay would be granted or that it only now realize that it will suffer prejudice if forced to proceed while the criminal matter is pending.

The SEC simply cannot legitimately claim that it will suffer prejudice if the case proceeds in the same manner as every other case in federal district court. Indeed, the government indicates at page 13 of its brief that the SEC does not oppose the government's request for a stay. If the SEC feared that prejudice would ensue from the denial of the stay, the SEC would affirmatively join in the application. Instead the SEC stands by, passively awaiting the Court's ruling.

With respect to the second factor, Mr. Shkreli's interest in proceeding expeditiously, this factor likewise weighs heavily in the defendant's favor. He is already facing severe consequences from the filing of the SEC action and the indictment. As a result of the serious allegations against him, not only is his livelihood threatened, but the future viability of at least

6

two pharmaceutical companies is threatened as well. Mr. Shkreli has a compelling need to put this significant civil matter behind him.

The third factor - the convenience of the Court - weighs in favor of denying the government request for a stay. By denying the blanket stay yet allowing the government to move for protective orders, the Court allows the litigation to move forward, while at the same time protecting legitimate government interests that may require postponing specific disclosures during the discovery process.

The fourth and fifth factors relate to the interests of persons not parties to the civil litigation, e.g. the government, and to the public interest. The interests of the government and the interests of the public do not outweigh the other three factors, all of which weigh in favor of denying the blanket stay. Throughout its submission, the government argues that proceeding with the instant case poses threats to the criminal prosecution of Mr. Shkreli. However, the concerns raised by the government are, most respectfully, entirely speculative and not supported by the specific facts in these two parallel proceedings.

First, there is little risk to the integrity of the criminal case if the civil proceeding continues. The government in their brief at pages 10-11 raises concerns about witnesses changing their statements, manufacturing evidence and committing perjury. They also express concern about witness intimidation. However, as Judge Sullivan observed in Chakrapani, "[t]he Court …is unaware of a legal requirement entitling the government to preserve its cooperators from examination before trial. What the government deems to be a right is, in fact, a litigator's preference to avoid cross-examination and related impeachment of prized witnesses." Chakrapani, at *11.

The government also raises the spectors of manufactured evidence and witness intimidation to justify shielding its witnesses from examinations before the criminal trial. As an initial observation, witness-intimidation, perjury and the manufacturing of false evidence are gravely serious matters, and there is no indication any such things are happening in this case. Moreover, many of the witnesses in both the civil and criminal cases have already been interviewed by the SEC and law enforcement agents. Undoubtedly those interviews have been memorialized in FBI 302 reports or other memoranda. In addition, at least some of the witnesses have testified under oath in the Grand Jury or as part of the SEC investigation. Accordingly, the government's concerns are both speculative and unlikely to materialize.

The government is also concerned that it would be prejudiced by the fact that "criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery" while the Fifth Amendment would block the government from discovery of relevant evidence from Mr. Shkreli. If the coordination of effort by the SEC and the government thus far is any indicator, it seems highly unlikely that there is any risk that information would come to the defendant without the government learning the very same information. Any document that the defendant receives from the SEC in discovery and any testimony provided during depositions will, without doubt, be quickly made available to the government by the SEC. Accordingly, the notion that the government would suffer unfair surprise due to something revealed to the defense through discovery in the SEC litigation defies common sense.

## Conclusion

For the reasons set forth above, civil discovery should move forward with the understanding that if the government wishes to oppose the deposition of a particular witness, that it shall set forth its basis for such objection. In regard to anyone charged with a crime, such person would have the right to avoid deposition by invoking his or her Fifth Amendment right against self-incrimination.

Respectfully submitted,

_____/s/_____
Benjamin Brafman
Marc Agnifilo
Andrea Zellan
Brafman & Associates, P.C.
767 Third Avenue, 26th floor
New York, NY 10017
212-750-7800