UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>       *Plaintiff,*<br><br> v.<br><br>MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,<br><br>       *Defendants.* | ECF Case<br><br>No. 15-cv-7175 (KAM) |

**EVAN GREEBEL'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR A COMPLETE STAY AND APPLICATION FOR A LIMITED STAY**

                   Reed Brodsky
                   Joel M. Cohen
                   Lisa H. Rubin
                   GIBSON, DUNN & CRUTCHER LLP
                   200 Park Avenue
                   New York, NY 10166
                   (212) 351-4000

                   *Counsel for Defendant Evan Greebel*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 4

    I.    Courts Across The Country Are Increasingly Rejecting The Extraordinary Remedy Of Staying SEC Enforcement Actions. ...................................................... 4

    II.    Civil Discovery In This Action Would Not Prejudice The Government's Criminal Prosecution Or The Public Interest. ............................................................. 9

    III.    A Stay Would Significantly Prejudice Mr. Greebel's Ability To Defend Himself In This Litigation. ...................................................................................... 12

CONCLUSION ............................................................................................................................ 14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Berger v. United States*,
  295 U.S. 78 (1935)..................................................................................................................11

*Bridgeport Harbor Place I, LLC v. Ganim*,
  269 F. Supp. 2d 6 (D. Conn. 2002).........................................................................................7

*Hicks v. City of New York*,
  268 F. Supp. 2d 238 (E.D.N.Y. 2003) ....................................................................................5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
  676 F.3d 83 (2d Cir. 2012).......................................................................................................9

*SEC v. Adondakis*,
  No. 12 CV 409 (HB), 2012 WL 10817377 (S.D.N.Y. May 21, 2012)....................................6

*SEC v. Arias*,
  No. 12-cv-2937, 2012 WL 4843946 (E.D.N.Y. Oct. 11, 2012) ..............................................8

*SEC v. Arias*,
  No. 12-cv-2937, 2012 WL 4849151 (E.D.N.Y. Sept. 14, 2012) .............................................7

*SEC v. Chakrapani*,
  No. 09 Civ. 325 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010)....................................6

*SEC v. Cioffi*,
  No. 08 Civ. 2457, Dkt. 40 (E.D.N.Y. June 5, 2009)................................................................6

*SEC v. Cioffi*,
  No. 08 Civ. 2457 (FB), 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008)..............................6, 10

*SEC v. Doody*,
  186 F. Supp. 2d 379 (S.D.N.Y. 2002).....................................................................................7

*SEC v. Gupta*,
  11 Civ. 7566 (JSR), 2011 WL 5977579 (S.D.N.Y. Nov. 30, 2011)....................................5, 6

*SEC v. Kanodia*,
  --- F. Supp. 3d ---, 2015 WL 9239759 (D. Mass. Dec. 17, 2015) ...............................6, 11, 12

*SEC v. Kornman*,
  3:04 Civ. 1803-L, 2006 WL 148733 (N.D. Tex. Jan. 18, 2006)..............................................7

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*SEC v. Mazzo*,
  12-1327-DOC, 2013 WL 812503 (C.D. Cal. Feb. 25, 2013) ...................................................6

*SEC v. Oakford Corp.*,
  181 F.R.D. 269 (S.D.N.Y. 1998) ................................................................................5, 11, 12

*SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*,
  No. 11 Civ. 6500 (RA), 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012) ......................................8

*SEC v. Saad*,
  229 F.R.D. 90 (S.D.N.Y. 2005) ..............................................................................6, 7, 10, 12

*SEC v. Saad*,
  384 F. Supp. 2d 692 (S.D.N.Y. 2005) ................................................................................5, 12

*SEC v. Saltsman*,
  No. 07-cv-4370 (NGG), 2008 WL 360995 (E.D.N.Y. 2008) ...................................................8

*SEC v. Sandifur*,
  No. C05-1631C, 2006 WL 3692611 (W.D. Wash. Dec. 11, 2006) .............................6, 11, 12

*SEC v. Treadway*,
  No. 04 Civ. 3464 VM JCF, 2005 WL 713826 (S.D.N.Y. Mar. 30, 2005) ...........................8, 10

*Strickler v. Greene*,
  527 U.S. 263 (1999) ................................................................................................................11

*Twenty First Century Corp. v. LaBianca*,
  801 F. Supp. 1007 (E.D.N.Y. 1992) .......................................................................................13

**Statutes**

15 U.S.C. § 78j(b) ...........................................................................................................................2

**Regulations**

17 C.F.R. 240.10b-5 ........................................................................................................................2

**Other Authorities**

Milton Pollack, *Parallel Civil and Criminal Proceedings*,
  129 F.R.D. 201 (March 1990) ..................................................................................................4

Defendant Evan Greebel respectfully submits this opposition to the application of the United States of America (the "government") on January 25, 2016, for a complete stay of the proceedings in this case, including a stay of all depositions and the production of any witness statements in the possession, custody, and control of the Securities and Exchange Commission ("SEC"). In light of the agreed-upon complexity of the government's case, the significant document discovery to date, the projected additional discovery, the applicable time period of relevant facts dating back several years, and the likelihood of extensive pre-trial motion practice in the criminal matter, Mr. Greebel proposes a limited stay, which reasonably balances the concerns raised by the government with other significant interests. Specifically, Mr. Greebel proposes that document discovery and depositions of individuals who invoke their Fifth Amendment rights against self-incrimination should be stayed; document discovery and depositions of other individuals shall proceed on the condition that government counsel be allowed to attend and participate in such depositions if they wish; and that the government preserves the right to seek relief from this Court if any scheduled depositions or other discovery threaten to adversely affect the criminal proceeding. The SEC Staff has informed counsel for Mr. Greebel that it neither supports nor opposes the government's request for a stay and instead takes no position on the government's motion. However, the SEC Staff also informed Mr. Greebel's counsel that it is "likely" to oppose his proposed limited stay. Because of the importance of this issue, Mr. Greebel respectfully requests oral argument.

## **PRELIMINARY STATEMENT**

On December 17, 2015, the same day that the government announced its indictment in this case and arrested Mr. Greebel at his home in Westchester County, the SEC filed its

complaint, alleging that Mr. Greebel aided and abetted Mr. Shkreli, his co-defendant, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-(5) thereunder, 17 C.F.R. 240.10b-5.  Certain allegations in the complaint date back to 2009; the allegations relating to Mr. Greebel appear to begin in or around early 2011 and stop in or about September 2014.

Mr. Greebel is a practicing lawyer, a devoted husband, and an involved father of three children under the age of seven, whose professional and personal record is unblemished.  A graduate of the University of Michigan and Georgetown University Law Center, Mr. Greebel is a corporate partner at Kaye Scholer LLP and an attorney in good standing in the State of New York.  For nearly a decade, until in or about June 2015, he was a partner in the New York office of Katten Muchin Rosenman LLP, where he had worked since in or about 2002.  Mr. Greebel was born and raised within a close-knit family in Westchester County, New York, and returned to his hometown in recent years to raise his own family.  Mr. Greebel coaches his eldest child's sports teams, has served on the board of directors of the New York Chapter of the Association for Corporate Growth, and with his wife, has been actively involved in other community and philanthropic activities, including volunteering at their place of worship.

During its investigation, the SEC Staff never sought to take testimony from Mr. Greebel, to interview him, to obtain documents from him, or to contact him.  The first time that Mr. Greebel learned about the SEC's allegations against him—or even that the SEC Staff was investigating him—was the day that the SEC filed its complaint against him.

Yet if the government's stay is granted, the SEC's complaint against Mr. Greebel would stand unanswered until the resolution of the government's criminal prosecution.  Together, the criminal and civil charges against Mr. Greebel, including a criminal forfeiture allegation,

threaten his reputation, career, and his livelihood, and subject him to severe criminal and financial sanctions. As this is a civil enforcement action, Mr. Greebel is entitled to discovery under the Federal Rules of Civil Procedure, including the taking of depositions. As the SEC chose to file this civil enforcement action on the same day that the government arrested Mr. Greebel and unsealed the indictment against him, the government now seeks a complete stay of all proceedings in this action, including any document discovery or depositions.

The government's motion should be denied. First and foremost, the government bears the heavy burden of demonstrating that all discovery should be stayed in a simultaneous civil proceeding. The government has not met that burden. Instead, its arguments for a stay—the overlap between the factual allegations in the cases, the restrictions on discovery in a criminal proceeding, the need to maintain secrecy in ongoing grand jury proceedings, and the respect for judicial economy—do not touch upon the particular facts and circumstances of either its prosecution or this civil case. Indeed, those facts and circumstances all support moving forward with at least some discovery under a limited stay. As the government agreed at last week's status conference in the criminal matter, its prosecution is a highly complex one. The government has also produced more than 450,000 pages of discovery in the criminal matter with more to be produced by them on the horizon. Further, Mr. Shkreli's counsel advised the court that he may seek this Court's review as to whether certain of his client's communications are protected by the attorney-client privilege. And the government has revealed that there is an ongoing grand jury investigation, which could further elongate the criminal proceedings. Collectively, these factors suggest strongly that the resolution of the criminal matter may not come swiftly. Especially under these circumstances, the blanket stay requested by the government would prejudice Mr.

3

Greebel, who needs to preserve witnesses' recollections of events and gather documentary evidence to prepare for the trial of this civil action.

Under Mr. Greebel's proposal, while certain depositions and certain discovery would be deferred, the government would also preserve its right to object to specific subpoenas or requests for production and present the Court with a particularized factual showing why any particular discovery would prejudice the criminal prosecution. Because this Court is overseeing both cases, it is uniquely positioned to ensure that there is no harm to the ongoing criminal proceedings if and when the government makes a sufficient showing. As a prophylactic measure, Mr. Greebel also would welcome the government's participation in any deposition, so that it may object to any line of questioning that it believes may prejudice the criminal case.

The government has suggested that trial in this civil action will not occur because the government will obtain convictions of Mr. Greebel and his co-defendant. Yet Mr. Greebel is presumed innocent, and the Court should therefore presume that this case will proceed to adjudication on the merits. For the reasons discussed herein, discovery is needed in this civil action to ensure that Mr. Greebel is not unduly prejudiced by the SEC's allegations, which would be unchallenged for an extended period of time of many months to potentially years if a complete stay is granted.

## ARGUMENT

**I.   Courts Across The Country Are Increasingly Rejecting The Extraordinary Remedy Of Staying SEC Enforcement Actions.**

A stay of civil proceedings pending the outcome of criminal proceedings is a heavily disfavored, extraordinary remedy. *See* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 209 (Mar. 1990) (explaining the "strong presumption in favor of discovery that any party—the Government no less than any other litigant—must overcome if it

4

seeks to withhold production or depositions"); *see also Hicks v. City of New York*, 268 F. Supp. 2d 238, 241, 243 (E.D.N.Y. 2003) ("A stay of a civil case is an extraordinary remedy. . . . A court's interest is usually best served by discouraging motions to stay").

The presumption against civil stays is no less applicable in the context of SEC civil enforcement actions that overlap with criminal charges brought by the Department of Justice. The Court's "starting point" should be that "discovery and other proceedings in a civil action brought by the Securities and Exchange Commission ought to proceed in the normal course notwithstanding the happenstance that some of the discovery also relates to a parallel criminal matter." *SEC v. Saad*, 384 F. Supp. 2d 692, 693 (S.D.N.Y. 2005); *see also SEC v. Gupta*, 11 Civ. 7566 (JSR), 2011 WL 5977579, at *1 (S.D.N.Y. Nov. 30, 2011) (same). "[T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage." *SEC v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998).

While courts in the past may have granted government motions to stay almost reflexively, recently courts within the Second Circuit have more closely examined the government's articulated needs for a stay of civil proceedings to permit some or all discovery to proceed without harming the government's asserted concerns about pending criminal matters. In particular, Judge Block in this District and Judges Baer, Rakoff, and Sullivan in the Southern District each have applied this approach to scrutinize carefully the government's stay requests based solely on the fact of a pending indictment based on the same conduct—and to allow civil

discovery to proceed beyond document production. *See SEC v. Adondakis*, No. 12 CV 409 (HB), 2012 WL 10817377, at *1 (S.D.N.Y. May 21, 2012) (permitting document discovery "in full force and effect" and allowing deposition discovery of witnesses to whom the Government had no objection); *Gupta*, 2011 WL 5977579, at *1 (permitting document discovery and seven depositions, including of two of the government's critical witnesses prior to the criminal trial); *SEC v. Chakrapani*, No. 09 Civ. 325 (RJS), 2010 WL 2605819, at *5, *10-12 (S.D.N.Y. June 29, 2010) (denying government's motion to stay discovery of cooperator's prior statements to government officials); *SEC v. Cioffi*, No. 08 Civ. 2457 (FB)(VVP), 2008 WL 4693320, at *1-2 (E.D.N.Y. Oct. 23, 2008) (denying government's motion to "stay all discovery" in parallel SEC action, but "allow[ing] the U.S. Attorney to object to particular [discovery] requests"), *but see SEC v. Cioffi*, No. 08 Civ. 2457, Dkt. 40 (E.D.N.Y. June 5, 2009) (entering "stay of deposition discovery … subject to modification upon application for specific depositions" and allowing document discovery to proceed); *see also SEC v. Saad*, 229 F.R.D. 90, 92 (S.D.N.Y. 2005).

So too have multiple judges outside of the Second Circuit rejected across-the-board stays of civil actions in favor of this more nuanced, modern approach. *See, e.g.*, *SEC v. Kanodia*, --- F. Supp. 3d ---, 2015 WL 9239759, at *2-5 (D. Mass. Dec. 17, 2015) (permitting document discovery and certain depositions to proceed); *SEC v. Mazzo*, 12-1327-DOC, 2013 WL 812503, at *2 (C.D. Cal. Feb. 25, 2013) (denying request for broad stay without particularized showing on a discovery-specific basis); *SEC v. Sandifur*, No. C05-1631C, 2006 WL 3692611, at *2 (W.D. Wash. Dec. 11, 2006) ("Although courts have been receptive to Government stay requests in civil cases brought by parties other than the Government, results in recent years have been markedly different when the Government itself brings a civil lawsuit simultaneous with a

6

criminal proceeding."); *SEC v. Kornman*, 3:04 Civ. 1803-L, 2006 WL 148733, at *3, 5 (N.D. Tex. Jan. 18, 2006) (permitting certain document discovery and two depositions to proceed).

Together, these decisions reflect a growing, nationwide recognition that stays of discovery in parallel enforcement actions should be rare because "the defendants [in such cases] are not just facing a criminal indictment; they are also facing a very serious SEC civil action, and they are thus fully entitled to the timely discovery that federal law grants them in defending such an action." *Saad*, 229 F.R.D. at 92.

By contrast, the decisions on which the Government relies to argue for a complete stay are, with a handful of exceptions from 2002 and 2003, more than twenty years old. *See* Gov't Mem. of Law in Supp. of its Appl. to Intervene & for a Limited Stay of Disc. ("Gov't Mem.") at 8-14. Yet even the more contemporary decisions cited by the government are inapposite. In one case, the stay granted is of the more limited variety favored by Mr. Greebel, not the broad stay requested by the government. *See SEC v. Doody*, 186 F. Supp. 2d 379, 382 (S.D.N.Y. 2002) (allowing document discovery and depositions, except with respect to those the government "certifie[d] may be called as a witness in the criminal case"). Another case cited favorably by the government involves the government's motion to stay a civil case initiated by a *private party*, not a parallel SEC enforcement action. *See Bridgeport Harbor Place I, LLC v. Ganim*, 269 F. Supp. 2d 6 (D. Conn. 2002).

Moreover, while certain courts in this District and the Southern District have granted the government's requests for stays of discovery in SEC civil enforcement actions and similar cases brought by the Commodity Futures Trading Commission ("CFTC") in recent years, the facts of those cases differ from the circumstances here as well. In two cases in this District, for instance, the defendants **consented** to the government's requested stay of discovery. *See, e.g.*, *SEC v.*

*Arias*, No. 12-cv-2937, 2012 WL 4849151, at *1 (E.D.N.Y. Sept. 14, 2012) (no defendant objected to the government's stay of discovery and several defendants moved for a complete stay of all proceedings); *SEC v. Arias*, No. 12-cv-2937, 2012 WL 4843946, at *1 (E.D.N.Y. Oct. 11, 2012) (adopting report and recommendation); *SEC v. Saltsman*, No. 07-cv-4370 (NGG), 2008 WL 360995, at *1 (E.D.N.Y. 2008) (all defendants consented to the government's application to stay all discovery). Unlike these cases, Mr. Greebel opposes the complete stay requested by the government.

Other cases within the last decade in the Southern District of New York granting government applications to stay discovery are equally inapposite. In one such case, the corporate defendant opposing the stay of discovery was not under indictment and already had stipulated to "having its assets frozen pending resolution of the Civil Case," a far cry from the reputational and financial cloud hanging over Mr. Greebel as the result of both cases against him. *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012). In another case, where the defendants were "not facing criminal charges" and in the absence of any allegations that the SEC brought its complaint simultaneously with the pertinent indictments by the New York State Attorney General, discovery in the SEC action was stayed only as to two depositions—and for a limited period. *SEC v. Treadway*, No. 04 Civ. 3464 VM JCF, 2005 WL 713826, at *4, *5 (S.D.N.Y. Mar. 30, 2005). Given these distinctions, we respectfully submit that the Court should join the growing trend away from blanket stays of discovery in SEC civil actions in favor of the more limited stay proposed by Mr. Greebel.

8

**II.     Civil Discovery In This Action Would Not Prejudice The Government's Criminal Prosecution Or The Public Interest.**

This Court is the arbiter of whether a total or partial stay of discovery in a civil case is warranted, guided by several factors: (1) the overlap of issues between the civil and criminal case; (2) "the status of the case"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) the interest of the court; and (6) "the public interest." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). These factors, viewed through the lens of the applicable facts of this case, highlight why the government's application should be denied. In particular, a vague, generalized sense that civil discovery *might* affect its criminal prosecution does not outweigh Mr. Greebel's concrete need to preserve witness testimony and collect materials to prepare his defense against civil allegations that, *on their own*, could destroy his career, his reputation, and his financial means to support his family.

For example, in arguing that it would be prejudiced in the absence of a complete stay, the government cites the potential for "perjury and manufactured evidence," the opportunity for witness intimidation, and the prospect that defendants will "unfairly surprise the prosecution at trial with information developed through discovery." Gov't Mem. at 10 (collecting cases from 1990 and before). Yet the government does not contend, let alone show, how any of these theoretical possibilities necessitate a stay in the instant case. Mr. Greebel has not sought discovery in the instant case. Even if he had, there is no reason to believe that any request he might make or deposition he might seek would enable him to "manufacture evidence," "tailor testimony," or "hamper the government's ability to conduct an orderly investigation." *Id.* at 11. The government never contends that Mr. Greebel poses *any* risk to the legitimacy of discovery or

9

the sanctity of evidence in either case. Indeed, Mr. Greebel has no objection if the government wishes to attend and/or participate in any depositions, and there should be no doubt that the SEC Staff prosecuting the civil action here has the authority, skill, and ability to identify and put a stop to any attempt by any party to manufacture evidence or tailor testimony in the SEC's action. Accordingly, other courts' determination that such disruptive events might arise based on the specific facts of the cases before them does not justify the imposition of a complete stay in this case.

Further, any suggestion that Mr. Greebel would "unfairly surprise the prosecution at trial with information developed through discovery" overlooks that the government would have access to all information obtained in discovery in the SEC case through depositions or otherwise—and fails to consider that the objective of the proceedings initiated by the government and SEC is to obtain justice, not favor their own cases. *Id.* at 10.

Similarly, while the government asserts that it would be "irreparabl[y] prejudice[d]" by broad discovery in this civil action, Mr. Greebel is proposing limited discovery. *Id.* at 11. Moreover, the government does not identify the source of such prejudice. The SEC—which does not object to proceeding with discovery in this case—has created the situation that the government characterizes as prejudicial by filing its complaint on the same day as the indictment was unsealed. As Judge Block noted in the *Cioffi* case, "[c]ourts are justifiably skeptical of blanket claims of prejudice by the government where—as here—the government is responsible for the simultaneous proceedings in the first place." 2008 WL 4693320 at *1; *see also Saad*, 229 F.R.D. at 91 ("[I]t is strange[ ] ... that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed

10

simultaneously."); *Kanodia*, 2015 WL 9239759 at *3 ("[T]hese are the risks that the government and the SEC run when they elect to pursue parallel investigations and prosecutions."); *Sandifur*, 2006 WL 3692611 at *3 ("Had the Government thought this was a serious problem, it could have easily avoided it by waiting until after the criminal matter was resolved to institute civil proceedings.").

Nor can a stay be justified simply to maintain the "tactical advantage" in the criminal prosecution. *Oakford*, 181 F.R.D. at 273 ("[T]here is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage."). Claims that unless a total stay of this case is imposed, Mr. Greebel would secure information "not otherwise discoverable in the Criminal Case," (Gov't Mem. at 11), are not a sound basis to limit Mr. Greebel's discovery in this SEC action. *See Kanodia*, 2015 WL 9239759 at *5 (The government's concern "about having to reveal discovery or expose its witnesses to questioning earlier than it might otherwise have to do .... is a strategic and tactical consideration that has little to do with the public interest or the interests of the defendants."); *Oakford*, 181 F.R.D. at 272-73. Far from undermining the government's interests, to the extent that discovery against witnesses proves that they are unreliable, that fact should inure to the government's true interest in a criminal prosecution: "[T]hat justice shall be done." *See Strickler v. Greene*, 527 U.S. 263, 281 (1999) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)) (The government's "interest [] in a criminal prosecution is not that it shall win a case, but that justice shall be done.").

In sum, there has been no showing that a complete stay is the *only* way to protect the government's interests. Mr. Greebel respectfully submits that his proposal should alleviate any concerns about prejudice to the government, and is certainly open to discussing other methods to alleviate such concerns short of a complete stay.

*First*, Mr. Greebel is proposing to defer discovery from witnesses who invoke their Fifth Amendment rights, including the government's cooperating witnesses—a concession that should alleviate any valid concern that discovery here would prejudice the criminal case. *See Kanodia*, 2015 WL 9239759 at *4 (delaying depositions of potential deponents who would assert their Fifth Amendment rights); *Saad*, 229 F.R.D. at 91 (delaying depositions of witnesses likely to invoke the Fifth Amendment, but otherwise permitting discovery to proceed); *Saad*, 384 F. Supp. 2d at 694 (same).

*Second*, when Mr. Greebel seeks to depose other witnesses, the government would be welcome, under Mr. Greebel's proposal, to move for a "particularized protective order" regarding that witness. *Oakford*, 181 F.R.D. at 272; *see also Saad*, 384 F. Supp. 2d at 694 (describing potential circumstances where the government might satisfy its burden of demonstrating that a stay of particularized discovery was necessary). Especially given this Court's oversight of this case and the criminal matter, the government's legitimate interests should be sufficiently protected by its ability to seek relief, where warranted.

*Third*, Mr. Greebel's proposal would also allow the government to attend and participate in any deposition at the government's discretion, enabling the government to ensure that the deposition does not actually harm the criminal case. The government thus will have ample opportunity to protect its criminal prosecution from prejudicial civil discovery without unduly prejudicing Mr. Greebel—and without unduly inconveniencing this Court.

### III. A Stay Would Significantly Prejudice Mr. Greebel's Ability To Defend Himself In This Litigation.

The government's proposed prohibition on *all* discovery would significantly prejudice Mr. Greebel's ability to defend himself against these "very serious civil charges." *Sandifur*, 2006 WL 3692611 at *3 (citing *Saad*, 229 F.R.D. at 92). The very existence of these unproven

charges—which the SEC chose to bring on the day the government unsealed its indictment and which would remain unchallenged under the government's preferred stay for many months to years—are particularly problematic for Mr. Greebel, a corporate lawyer who specializes in mergers and acquisitions and advising young companies in emerging industries. The government's preferred stay would perpetuate that prejudice to Mr. Greebel because key events alleged in the SEC's complaint took place *years* ago. While documents may provide some assistance here, witnesses' testimony will certainly be necessary to provide context and fill in gaps in the documentary record. Memories fade, and memories of some of these older allegations may be gone altogether if discovery is stayed until after the criminal case.

The government speculates that staying proceedings here would "save significant resources" for Mr. Greebel because, if Mr. Greebel is convicted, this case "will *in all likelihood* not proceed to trial." Gov't Mem. at 13 (emphasis added). Yet the government's predictions about the future of its criminal case and *this* case cannot be used to restrict Mr. Greebel's defense. Given the ongoing harm to his reputation and livelihood, Mr. Greebel wants to proceed with discovery and use the resources at his disposal in both the civil and the criminal actions. While the government believes this case will never reach trial due to its expected success in the criminal case, the SEC has *not* offered the reverse assurance, that if Mr. Greebel is acquitted, they will dismiss their civil action against him. Therefore, if Mr. Greebel is *not* convicted, then he will still need to undertake the entire course of civil discovery, which, as the government repeatedly notes, is broader than criminal discovery.

The government also cites *Twenty First Century Corp. v. LaBianca* for the proposition that the need for civil discovery can be alleviated and "streamline[d]" by providing transcripts from the criminal trial to parties in later civil proceedings. Gov't Mem. at 13 (citing 801 F.

13

Supp. 1007, 1011 (E.D.N.Y. 1992)). Of course, neither the *Twenty First Century* court nor the government addresses the fact that civil depositions are taken for many reasons, including to discover evidence, whereas trial testimony is both elicited for narrower purposes and does not afford the same degree of leeway as do depositions conducted under the Federal Rules of Civil Procedure. Given the gravity of the accusations against him in this case alone, Mr. Greebel's desire to discover information through civil discovery is entirely understandable—and can and should be accommodated without sacrificing the government's legitimate interests.

## **CONCLUSION**

The government's motion does not present an adequate factual basis to suggest that the discovery Mr. Greebel has not yet served would in fact prejudice the criminal case. As described above, Mr. Greebel has proposed reasonable restrictions on discovery, including a prohibition on deposing any of the government's cooperating witnesses and others who will invoke their Fifth Amendment rights, and even supports the government's participation in discovery so that it can protect against any legitimately prejudicial questioning. In light of these accommodations, the prejudice to Mr. Greebel of denying *all* discovery far outweighs any prejudice that the government speculates could be imposed on it through civil discovery in this case. This Court should deny the government's motion and adopt Mr. Greebel's proposal for a more limited stay.

Dated: New York, New York

    February 11, 2016            Respectfully Submitted,

                                       *s/ Reed Brodsky*
                                       Reed Brodsky
                                       Joel M. Cohen
                                       Lisa H. Rubin

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
rbrodsky@gibsondunn.com

*Counsel for Defendant Evan Greebel*

15