UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   *Plaintiff,*<br><br> v.<br><br>MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,<br><br>   *Defendants.* | ECF Case<br><br>No. 15-cv-7175 (KAM) |

**EVAN GREEBEL'S SUR-REPLY IN SUPPORT OF A LIMITED STAY AND IN OPPOSITION TO A COMPLETE STAY**

Reed Brodsky
Joel M. Cohen
Lisa H. Rubin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Counsel for Defendant Evan Greebel*

# TABLE OF CONTENTS

                                                                                                                                                Page

I. The SEC's Opposition to Mr. Greebel's Proposed Limited Stay Is Undermined by Its Three-Year Investigation and Its Prior Positions in Similar Cases .................................................................................................. 1

II. The Government's Recently Proffered Reasons for a Complete Stay Have Nothing to Do With—and Would Significantly Prejudice—Mr. Greebel ............ 5

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Citibank, N.A. v. Super Sayin' Publ'g, LLC*,
   86 F. Supp. 3d 244, 246 (S.D.N.Y. 2015) ................................................................................6

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
   676 F.3d 83 (2d Cir. 2012) ........................................................................................................6

*SEC v. Adondakis*,
   No. 12 Civ. 409 (HB), 2012 WL 10817377 (S.D.N.Y. May 21, 2012) ......................................7

*SEC v. Beacon Hill Asset Management LLC*,
   No. 02 Civ. 8855 (LAK), 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) .....................................4

*SEC v. Gupta*,
   No. 11 Civ. 7566(JSR), 2011 WL 5977579 (S.D.N.Y. Nov. 18, 2011) ....................................7

*SEC v. Nicholas*,
   569 F. Supp. 2d 1065 (C.D. Cal. 2008) ..................................................................................4, 7

*SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*,
   No. 11 Civ. 6500 (RA), 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012) ......................................7

*SEC v. Saad*,
   229 F.R.D. 90 (S.D.N.Y. 2005) .............................................................................................2, 4

Evan Greebel respectfully submits this sur-reply in support of his application for a limited stay and in opposition to the government's application for a complete stay.

## I. The SEC's Opposition to Mr. Greebel's Proposed Limited Stay Is Undermined by Its Three-Year Investigation and Its Prior Positions in Similar Cases

Despite taking no position on the government's motion for a complete stay, the SEC opposes Mr. Greebel's application for a limited stay of the kind imposed by the Honorable Jed S. Rakoff and other courts. The SEC avers that in light of Mr. Greebel's expected invocation of the Fifth Amendment, it would be put "at a huge disadvantage in preparing for trial" if it is required to provide initial disclosures, respond to document requests, interrogatories, and requests for admission, and participate in depositions. Dkt. 25 ("SEC Br.") at 3. The SEC suggests urgency where none exists, and fails to note that if any did exist, it invented the urgency about which it now complains.

In asserting unfairness if Mr. Greebel were able to take a few discrete depositions and document discovery prior to the criminal trial, the SEC overlooks its extensive investigative record, and that the fundamental purpose of both the SEC's mission and litigation should be a search for the truth. The SEC's opposition brief does not take into account that it began its investigation in or around the fall of 2012. *See* Affidavit in Support of *Ex Parte* Request for *In Camera* Review at 7 ¶ 16, *In re Grand Jury Subpoenas Dated May 14, 2014 & January 13, 2015*, No. 1:15-mc-02227-JBW (E.D.N.Y. Nov. 18, 2015) (Dkt. 10) ("[I]n the fall of 2012, . . . the Securities and Exchange Commission ('SEC') opened an investigation entitled 'In the Matter of MSMB Capital Management LLC Valuation.'"). As a result, the SEC overlooks that, for more than three years, it sent out subpoenas, obtained at least thousands of pages of documents, spoke informally with witnesses and their counsel, took testimony from multiple witnesses,

received written and oral presentations from Retrophin's outside counsel,[1] and presumably participated in proffers of witnesses conducted with the U.S. Attorney's Office, all without ever notifying Mr. Greebel that his actions were the subject of investigation. Now sitting on a voluminous investigative record, including multiple depositions, it is odd for the SEC to claim that Mr. Greebel would somehow gain a tactical advantage if this Court permitted him to depose certain witnesses and obtain certain document discovery prior to the criminal trial. There is absolutely nothing wrong with Mr. Greebel's desire to preserve the memory of certain relevant witnesses—especially individuals whom the government will not be calling to the stand at the criminal trial—through depositions, and the SEC avoids addressing that critical issue in its opposition.

Moreover, given the SEC's failure to offer Mr. Greebel *any* process before filing this "very serious SEC civil action" with its career-ending sanctions and "potentially ruinous financial penalties," *SEC v. Saad*, 229 F.R.D. 90, 91-92 (S.D.N.Y. 2005), this Court should disregard the SEC's accusation that Mr. Greebel's proposed limited stay is tactical. The SEC apparently made a tactical choice to provide Mr. Greebel with no process—including any opportunity to present evidence or arguments against a charge—prior to filing its civil action— even though the SEC gave extensive process to Shkreli dating back to 2012. And the SEC apparently made a tactical choice to file its complaint on the same day that the government unsealed the indictment. Naturally, each party's actions here could be viewed through a tactical lens. *See, e.g.*, Transcript at 13:10-14, *SEC v. Gupta*, No. 11 Civ. 7566 (S.D.N.Y. Nov. 18, 2011) ("*Gupta* Tr.") ("I think the court should be blind. I shouldn't be affected by what's a good

---

[1] Prior to and after Retrophin's filing of its lawsuit against Martin Shkreli in or about August 2015, unbeknownst to Mr. Greebel and prior to his receiving the discovery in this case, Retrophin's outside counsel at Cooley LLP made presentations to the SEC Staff and the U.S. Attorney's Office that mimicked the claims it filed against Shkreli.

2

tactic or a bad tactic for any party. That's not my job. My job is to apply the law as fairly as I can regardless of tactical decisions or advantages.").

What matters is ensuring that the litigation is a search for the truth and that the discovery process takes place in the interests of justice. The SEC alleges that the conduct at issue began in or around October 2009—and it does not dispute that witnesses' recollections fade with time. Yet a complete, indefinite stay of this matter pending a criminal trial would potentially subvert the search for the truth by risking Mr. Greebel's ability to preserve the memories of nonparty, noncooperating witnesses. Allowing Mr. Greebel to preserve potential witnesses' memories and obtain other, limited discovery would not give him any unfair advantage. One would have hoped that the SEC would embrace the preservation of the memories of relevant witnesses prior to any trial in this case, rather than seek to prevent those depositions from taking place and thereby inadvertently subvert the search for the truth. Indeed, the SEC overlooks its own ability to depose potential witnesses and seek documents from others. Surely the SEC is not asserting that it intends to forgo depositions of witnesses other than the defendants in this case.

The SEC's opposition to Mr. Greebel's proposed limited stay also expressly contradicts its position in recent cases where the government has sought stays of civil enforcement proceedings pending resolution of a parallel criminal case. For example, in denying the government's motion in *Saad* to preclude the SEC from producing documents that were not yet discoverable in the accompanying criminal case, Judge Rakoff noted the SEC and the defendants' "readiness to proceed expeditiously, so as to resolve [the civil] dispute" and observed that, prior to the government's request to the SEC "not to turn over to [defense counsel] certain documents," "the SEC *had already determined [those documents] should be produced to those defendants* as part of the document discovery in the case." 229 F.R.D. at 91-92 (emphasis

added). The *Cioffi* case similarly illustrates the SEC's willingness to engage in partial discovery in civil enforcement actions, even where the government seeks a complete stay of all proceedings. In *Cioffi*, after Judge Block temporarily stayed discovery to consider the government's motion, the SEC explained that it was already producing documents to defendants through "kind of a combination civil and criminal" process and sought confirmation from the court that it would be "alright if the SEC continues to complete that." Transcript at 28:15-18, *SEC v. Cioffi*, No. 08 Civ. 2457 (E.D.N.Y. Oct. 17, 2008). Judge Block responded, "You have those responsibilities. You will go forward obviously, yes." *Id.* at 28:19-20. Once Judge Block denied a blanket stay, the SEC remained committed to document discovery, seeking the court's permission to subpoena third parties even after Magistrate Judge Pohorelsky ruled that depositions would be stayed pending the defendants' criminal trials. Transcript at 13:24-25, 14:1-22, 22:20-25, *SEC v. Cioffi*, No. 08 Civ. 2457 (E.D.N.Y. June 5, 2009) ("*Cioffi* 2009 Tr."). The SEC has not explained why, given its prior positions in *Saad* and *Cioffi*, it now opposes Mr. Greebel's modest proposal.[2]

Further, while the SEC insists that it is somehow "clear" that Mr. Greebel will invoke his Fifth Amendment rights in this case, no such decision has been made—or responsibly could be made at this time. SEC Br. at 3. Although Judge Weinstein has made an initial, limited ruling sufficient to allow the discovery of certain documents, other privilege-related issues will need to

---

[2] Indeed, while the SEC claims not to take any position on the government's motion, SEC Br. at 3, its opposition to Mr. Greebel's proposal relies on two cases in which complete stays were granted. *See id.* at 4 (citing *SEC v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008); *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003)). *Nicholas* is particularly inapposite. In granting the stay, the *Nicholas* court noted the "breadth and complexity" of discovery in the civil case, which would have involved "millions of pages" of documents and "between seventy-five and 100" potential witnesses, and the fact that the SEC had brought its case "independent of the criminal charges that were returned several weeks later." 569 F. Supp. 2d at 1069-71. Of course, the SEC does not argue that the volume of expected civil discovery or the independence of its investigation militates against Mr. Greebel's limited proposed stay.

be litigated to facilitate further discovery in the criminal matter. The resolution of those issues undoubtedly will have implications for Mr. Greebel's ability to testify about facts and circumstances relating to this case. Accordingly, the SEC's insistence that it would be tactically disadvantaged by even limited discovery in this case is a red herring. Not only does Mr. Greebel lack sufficient information to make a determination at this juncture about testifying, but the unique circumstances of this case—which seeks to penalize a lawyer in connection with his provision of client services—are those of the SEC's own creation.

Finally, in addition to the specific relief proposed in his initial brief, *see* Dkt. 23 at 1, Mr. Greebel has confidence that this Court can fashion other limited restrictions on discovery to ensure that the SEC's civil action is not harmed. For instance, Mr. Greebel has no objection to postponing the dates on which the SEC must submit certain initial disclosures and respond to interrogatories and requests for admission until after the criminal trial. The undersigned counsel also would be happy to meet and confer with the SEC Staff regarding any other requests that they deem to be patently unfair before addressing such requests with the Court, if necessary.

For all of these reasons, the SEC's sharp opposition to Mr. Greebel's application for a limited, *Saad*-like stay cannot be used to justify a complete—and indefinite—stay of this civil action.

## II. The Government's Recently Proffered Reasons for a Complete Stay Have Nothing to Do With—and Would Significantly Prejudice—Mr. Greebel

Mr. Greebel is not seeking an "unlawful tactical advantage" through the limited stay he proposes. *See* Dkt. 26 ("Gov't Br.") at 1. Mr. Greebel has modeled his proposed stay based on what federal judges, both within and outside the Second Circuit, have ordered in other cases. None of the government's recently proffered reasons for a complete stay should defeat Mr. Greebel's balanced approach to limited discovery in this action.

5

The government's concerns regarding the conduct of Shkreli should not prejudice Mr. Greebel's discovery rights. The government states that "there is evidence that defendant Shkreli has taken steps to intimidate or threaten individuals in the past" and reveals that "[i]n interviews with the government, several witnesses have advised that [they] have been threatened by defendant Shkreli in connection with past disputes they had with defendant Shkreli, whether of a personal or professional nature." *Id.* at 12-13. By contrast, at no time has the government asserted, much less implied, that Mr. Greebel, an attorney in good standing in New York State and a respected practitioner in the corporate bar, has engaged or would engage in witness tampering. If, as the government asserts, Shkreli alone is responsible for credible threats of witness tampering, Shkreli alone should bear the consequences. There is no reason why the SEC cannot, for example, provide discovery to Mr. Greebel subject to a protective order that precludes Shkreli from attending certain depositions in person and/or precludes Shkreli from contacting witnesses upon pain of being held in contempt of court. This Court has extensive powers to ensure that no one tampers with any witness or obstructs justice in this case.

Second, while the government devotes much of its brief to dissecting the cases favorably cited by Mr. Greebel, *see id.* at 3-10, it does not deny that Judge Rakoff allowed several depositions to proceed in both *Saad* and *Gupta*. *See id.* at 9-10.[3] Indeed, in *Gupta,* Judge Rakoff

---

[3] Where, as here, a defendant in the enforcement action has been indicted in parallel criminal proceedings, staying all proceedings is an "extraordinary remedy." *E.g., Citibank, N.A. v. Super Sayin' Publ'g, LLC*, 86 F. Supp. 3d 244, 246 (S.D.N.Y. 2015) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 98 (2d Cir. 2012)); *SEC v. One or More Unknown Purchasers of Sec. of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *2 (S.D.N.Y. Nov. 9, 2012). And there are critical factual distinctions between select recent cases in which complete stays have been granted and the instant case. In *Nicholas*, for example, the SEC filed its complaint independently of the government—weeks before, in fact—and, as noted above, the SEC case was going to involve "massive" civil discovery involving "millions of pages" and potentially 100 witnesses, which would have required "the devotion of substantial resources" if the case was litigated at the same time as the criminal case. 569 F. Supp. 2d at 1069, 1071. In *Global Industries*, the corporate defendant—a shell company created, in the government's view, to conceal the alleged fraud—had already consented to an asset

*(Cont'd on next page)*

permitted the depositions of seven people "who [we]re either persons the Government has indicated it [wa]s unlikely to call as witnesses at the forthcoming criminal trial or who are persons who already testified in [a related] trial about some or all of the same matters that are the subject of the instant parallel proceedings," despite the fact that a firm date for the criminal trial was just four months away. *SEC v. Gupta*, No. 11 Civ. 7566(JSR), 2011 WL 5977579, at *1. And at oral argument, Judge Rakoff suggested that he would have been open to further depositions were it not for the "relatively short timeframe" prior to the criminal trial. *See Gupta* Tr. at 8:3-25.

Third, discovery was not completely stayed in *Adondakis*, *Chakrapani*, and *Cioffi*. The courts in each of these cases allowed document discovery to proceed, and in *Adondakis* and *Cioffi*, Judge Baer and Judge Block respectively suggested that certain depositions could take place. *See, e.g.*, *SEC v. Adondakis*, No. 12 Civ. 409 (HB), 2012 WL 10817377, at *1 (S.D.N.Y. May 21, 2012) (directing that "document discovery . . . proceed forthwith," that depositions of "witnesses that the government has no objection . . . should proceed apace," and that other depositions could continue "if the defendants are prepared to go to trial no later than January 2013 with some exception"); Second Modified Case Management Plan and Scheduling Order at 1-2, *SEC v. Contorinis*, No. 1:09-cv-01043-RJS (S.D.N.Y. Aug. 4, 2010) (imposing deadlines for initial disclosures, document discovery, and interrogatories, prior to completion of corresponding criminal trial, in SEC's case against Chakrapani *et al.*); *Cioffi* 2009 Tr. at 22:20-25 ("[D]eposition discovery is stayed. *Other items of discovery may proceed.* You're free to make an application to me for a particular deposition where there's some hardship by waiting or that

---

*(Cont'd from previous page)*

freeze pending resolution of the civil case, and the SEC and the government "were unaware of the overlap in their respective investigations until after the SEC complaint was filed." *See* 2012 WL 5505738, at *4.

there's some reason to believe that it can be conducted without prejudice to any party.") (emphasis added).

Fourth, there is no meaningful objection to document discovery in this case. While we appreciate that "in compliance with its Rule 16 obligations," the government has provided and will continue to provide, "on a rolling basis," "a *significant number of documents it received from the SEC*," Gov't Br. at 9 n.4 (emphasis added), the government understandably has not asserted and cannot assert that it will be producing **all** of the documents in the SEC's possession, custody, and control relating to this case. Only the SEC can take responsibility for producing all relevant documents in its possession, custody, and/or control.

Finally, discovery should also proceed in this civil action to enable Mr. Greebel to seek and obtain any *Brady* material in the possession, custody, and control of the SEC prior to any criminal trial. Surely the SEC and the government would *not* want a criminal trial to proceed without providing Mr. Greebel with *Brady* material in the possession, custody, and/or control of the SEC. A complete stay of discovery in the instant case might deny Mr. Greebel the ability to ferret out whether the SEC is in possession of exculpatory materials.

## **CONCLUSION**

For the reasons articulated in our February 11, 2016 submission and further detailed above, Mr. Greebel respectfully requests that the Court impose a limited stay of this action as follows: (1) document discovery and depositions of individuals who invoke their Fifth Amendment rights against self-incrimination shall be stayed; (2) document discovery and depositions of other individuals shall proceed on the condition that government counsel be allowed to attend and participate in such depositions if they wish; and (3) the government shall preserve the right to seek relief from this Court if any scheduled depositions or other discovery

8

threaten to adversely affect the criminal proceeding.


February 25, 2016                    Respectfully Submitted,

                                     */s/ Reed Brodsky*

                                     _____
                                     Reed Brodsky
                                     Joel M. Cohen
                                     Lisa H. Rubin
                                     GIBSON, DUNN & CRUTCHER LLP
                                     200 Park Avenue
                                     New York, NY 10166
                                     (212) 351-4000

                                     *Counsel for Defendant Evan Greebel*