# SEWARD & KISSEL LLP
ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

## BRAFMAN & ASSOCIATES, P.C.
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NY 10017

PHILIP MOUSTAKIS
(212) 574-1604
moustakis@sewkis.com

ANDREA ZELLAN
(212) 750-7800
azellan@braflaw.com

April 9, 2021

**BY ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *SEC v. Shkreli, et al.*, **15-CV-7175 (KAM)**

Dear Judge Mastsumoto:

    We write to briefly address two arguments made by the Commission in its reply brief: (a) that Mr. Shkreli profited from his violations; and, (b) that, in assessing the appropriate length of an officer and director bar, the Court should not consider judgments entered in comparable cases where the Commission agreed to settle.

    The Commission's principal argument for civil penalties is that they are "necessary to ensure Shkreli's violations are a money-losing proposition." (Reply at 8.) The Commission asserts that the total profit to Mr. Shkreli from his violations was $1,020,000 or, within five years of its Complaint, $932,000, comprised of funds misappropriated from MSMB and MSMB Healthcare. (Memorandum in Support at 14-15.) The record before the Court demonstrates that Mr. Shkreli's violations have cost him far more than that amount. Yet, in an attempt to shift its burden, the Commission now argues that Mr. Shkreli "offers no proof" that his violations have been a money-losing proposition. (Reply at 10.)

    First, the burden is on the Commission to support its penalty demand. Second, as this Court knows, Mr. Shkreli has been Ordered to forfeit $7,360,450. That amount includes every dollar invested by MSMB and MSMB Healthcare investors, including the amounts the Commission asserts should serve as the basis of the penalties it seeks. Given that it is the Commission's position that Mr. Shkreli's total profit was $1,020,000, then on the basis of the Commission's own math and the forfeiture order alone, Mr. Shkreli is more than $6.3 million in the red as a result of his violations. However, Mr. Shkreli was further penalized for his conduct by the $75,000 fine that this Court imposed and the restitution ordered to one investor in MSMB Healthcare. His conduct was a money losing proposition, particularly when one considers the income lost while incarcerated together with the financial penalties ordered as part of the criminal sentence.

The Commission's argument that judgments entered in Commission settlements should not guide this Court is concerning. (Reply at 4.) While the Commission enjoys discretionary authority to settle on a particular set of terms, the fact that the Commission agrees to certain terms does not remove the Court from the process entirely. *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 293 (2d Cir. 2014) ("To be sure, when the district judge is presented with a proposed consent judgment, he is not merely a 'rubber stamp.'"). Furthermore, as a practical matter, it is reasonable to conclude the Commission would not have agreed to a ten-year officer and director bar for Elizabeth Holmes, or a five-year bar for Edward DiMaria, if it deemed those bars of insufficient length in light of the relevant facts and circumstances. And, as we demonstrated in detail, there are clear parallels to be drawn between this case and the facts and circumstances underlying those judgments. Similarly concerning is the emphasis the Commission places on the fact that Holmes and DiMaria were indicted *after* the Commission settled with them (Reply at 5-6.), as if the length of an officer and director bar should be determined by how much leverage the Commission has over the defendant rather than what is necessary to protect investors and the capital markets from a recurrence of the same or similar conduct.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *Andrea Zellan* | *Philip Moustakis* |
| Andrea Zellan | Philip Moustakis |