UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br><br>                v.<br><br>MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,<br><br>                                        Defendants. | 2015-cv-07175<br><br>CLERK'S NOTICE OF CONTINUING GARNISHMENT TO DEBTOR<br>[28 U.S.C. 3202(b)] |

**TO DEFENDANT-JUDGMENT DEBTOR MARTIN SHKRELI:**

You are hereby notified that the United States Securities and Exchange Commission ("SEC") is seeking to take your funds, assets and or property held by DL Software d/b/a Godel Terminal ("Garnishee"). The garnishment is an enforcement of the civil judgment penalty the Court imposed in the above captioned case.

February 23, 2022, the Court entered Judgment against Defendant Martin Shkreli ("Defendant") and ordered Defendant to pay a penalty of $1,392,000 ("Penalty"). As of July 28, 2025, Defendant owes the entire Penalty plus post-judgment interest.

In addition, you are hereby notified that there are exemptions that apply to the enforcement of judgments. The exemptions which you may claim are defined in 28 U.S.C. § 3014. Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the SEC's Application for the Writ of Garnishment. The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different. You must choose which set of exemptions you want the Court to apply.

Attachment A is a list of the exemptions available under 11 U.S.C. § 522(d) and New York law.  The statutes providing these exemptions may be amended from time to time. Also, the exemptions in the State in which you actually reside may be different than the exemptions listed in Attachment A.  It is your responsibility to consult the appropriate federal and State exemption statutes to determine what your exemptions are.  The exemptions listed are by way of example only.

Garnishee is required to file an answer within 10 days of receiving the Writ of Continuing Garnishment issued by the Court under the Federal Debt Collection Procedure Act. Garnishee is required to serve a copy of its answer on you and the SEC.  Within 20 days after you receive a copy of the Garnishee's answer, you may file with the Court Clerk a written objection to the Garnishee's answer and request a hearing with the Court.  You have a right to ask the Court to return your property to you if you think the property the government seeks qualifies under one of the above exemptions.  You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court. You may use the request for a hearing at Attachment A to this notice to submit your request.  You are not required to use this form. You must file your objection and request for hearing with the Court Clerk at:

    United States District Court for the New York Eastern District
    United States Courthouse, Attn: Clerk
    225 Cadman Plaza East
    Brooklyn, NY 11201

and

    United States Securities and Exchange Commission
    Maureen Peyton King
    New York Regional Office
    100 Pearl Street, Room 20-100
    New York, NY 10004

The Court will hold a hearing on your objection within 5 days after your objection and request for hearing is received, or as soon thereafter as possible. Notice of the hearing date will be sent to all parties. Pursuant to statute, issues at such hearing shall be limited-

    (1)    to the probable validity of any claim of exemption by you;

    (2)    to the SEC's compliance with any statutory requirement for the issuance of the Writ of Continuing Garnishment; and

    (3)    if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

        (A)    the probable validity of the SEC's claim for the debt which has been merged into the judgment; and

        (B)    the existence of good cause for setting aside such judgment.

*See* 28 U.S.C. § 3202(d).

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the SEC.

If you think you live outside the Federal judicial district in which this Court is located, you may request, not later than 20 days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you do reside. You must make this request in writing. Your request for a transfer must be filed with the Court Clerk at:

    United States District Court for the New York Eastern District
    United States Courthouse, Attn: Clerk
    225 Cadman Plaza East
    Brooklyn, NY 11201

    You must also serve a copy of your request for a transfer on the Garnishee:

DL Software d/b/a Godel Terminal
11 E. 44th Street
New York, NY 10017

    and

United States Securities and Exchange Commission
Maureen Peyton King
New York Regional Office
100 Pearl Street, Room 20-100
New York, NY 10004

Keep a copy of this notice for your records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Court Clerk. The Court Clerk is not permitted to give legal advice, but can refer you to other sources of information.

Dated: _____, 2025                        _____
                                                        DEPUTY CLERK
                                                        UNITED STATES DISTRICT COURT

# ATTACHMENT A: SAMPLE CLAIM FOR EXEMPTION

# AND REQUEST FOR HEARING

# <u>TO BE USED BY DEFENDANT</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>        v.<br>**MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,**<br>            Defendants. | **2015-cv-07175**<br><br>**CLAIM FOR EXEMPTION AND REQUEST FOR A HEARING ON WRIT OF CONTINUING GARNISHMENT**<br>**28 U.S.C. § 3205** |

____1.  Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

____2.  Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

____3.  Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $3,125 in value.

____4.  Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

____5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

____6.  Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

____7. Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United

States, any State, the District of Columbia, or the Commonwealth of

Puerto Rico.

8.  Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

__9.   Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 931, 32, 34, 35,37, or 39 of such Title 38.

__10.  Assistance under Job Training Partnership Act. Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

__11.  Minimum exemptions for wages, salary and other income.  The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15

U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

   I claim that the following non-MVRA exemption(s) from garnishment which are checked below apply in this case:

__12.  Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

__13.  Veterans' benefits (38 U.S.C. § 3101).

_13a.  Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

__14.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22

U.S.C. § 4060(c)).

_15. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

_16. Longshoremen and Harbor workers Compensation Act (33 U.S.C. § 916).

_17. Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

_17a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 12 through 17 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_17b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e)).

_18. BANKRUPTCY CODE EXEMPTIONS CLAIM FORM

The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1. The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2. The debtor's interest, not to exceed $2,950 in value, in one motor vehicle.

3. The debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4. The debtor's aggregate interest, not to exceed $1,225 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5. The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6. The debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8. The debtor's aggregate interest, not to exceed in value $9,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract.  debtor or an individual of whom the debtor is a dependent.

9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

10. The debtor's right to receive ---
    (A) a social security benefit, unemployment compensation, or a local public assistance benefit;
    (B) a veterans' benefit;
    (C) a disability, illness, or unemployment benefit;
    (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

 (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----

- such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
- such payment is on account of age or length of service; and
- such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

(11) The debtor's right to receive, or property that is traceable to ---

 (A) an award under a crime victim's reparation law;

 (B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

 (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

 (D) a payment, not to exceed $18,450, on account of personal bodily injury, not including pain and suffering or

        compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E)    a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(12)    Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

___19. Compensation for war risk hazards (42 U.S.C. § 1717).

## MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:** The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:** If you have selected the Bankruptcy Code exemptions listed above, you may not also claim the state law exemptions listed below.

**NOTE:** The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:** If you have selected the Bankruptcy Code exemptions (line 7 above), you may not also claim the state law exemptions listed below.

| Category of Exemption | Extent of Exemption[1] | Statute |
|---|---|---|
| Personal Property | All stoves and home heating equipment kept for use in the judgment debtor's dwelling house and necessary fuel therefor for one hundred twenty days. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Domestic animals with the necessary food for those animals for one hundred twenty days, provided that the total value of such animals and food does not exceed one thousand dollars; all necessary food actually provided for the use of | N.Y. Civ. Prac. Law and Rules 5205. |

---

[1] Amount of exemption may be adjusted over time.

| Category of Exemption | Extent of Exemption[1] | Statute |
|---|---|---|
| | the judgment debtor or his family for one hundred twenty days. | |
| Personal Property | All wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor and the family; all prescribed health aids. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | A wedding ring; a watch, jewelry and art not exceeding one thousand dollars in value. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Tools of trade, necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding three thousand dollars in value, together with the necessary food for the team for one hundred twenty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | One motor vehicle not exceeding four thousand dollars in value above liens and encumbrances of the debtor; if such vehicle has been equipped for use by a disabled debtor, then ten thousand dollars in value above liens and encumbrances of the debtor; provided, however, that this exemption for one motor vehicle shall not apply if the debt enforced is for child support, spousal support, maintenance, alimony or equitable distribution, or if the state of New York or any of its agencies or any municipal corporation is the judgment creditor. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | If no homestead exemption is claimed, then one thousand dollars in personal property, bank account or cash. | N.Y. Civ. Prac. Law and Rules 5205. |

| Category of Exemption | Extent of Exemption[1] | Statute |
|---|---|---|
| Personal Property | Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:<br>1. ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision (c); provided, however, that with respect to any income or payments made from trusts, custodial accounts, annuities, insurance contracts, monies, assets or interest established as part of an individual retirement account plan or as part of a Keogh (HR-10), retirement or other plan described in paragraph two of subdivision (c) of this section, the exception in this subdivision for such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents shall not apply, and the ninety percent exclusion of this paragraph shall become a one hundred percent exclusion;<br>2. ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment; and<br>3. payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child, where the child is the judgment debtor; where the award was made by a court of the state, determination of the extent to which it is unnecessary shall be made by that court. | N.Y. Civ. Prac. Law and Rules 5205. |

| Category of Exemption | Extent of Exemption[1] | Statute |
|---|---|---|
| Homestead | $150,000.00 in Kings, New York, Queens, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester, and Putnam counties.<br><br>$125,000.00 in Dutchess, Albany, Columbia, Orange, Saratoga, and Ulster counties.<br><br>$75,000 in all other counties. | N.Y. Civ. Prac. Law and Rules 5206(a). |

    The statements made in this claim and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct. I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
               Address                                                       Phone No.

_____
Debtor's printed or typed name

_____
Signature of debtor

_____
Date