UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>MARTIN SHKRELI, EVAN GREEBEL, MSMB CAPITAL MANAGEMENT LLC, and MSMB HEALTHCARE MANAGEMENT LLC,<br><br>            Defendants. | 2015-cv-07175<br><br>**WRIT OF CONTINUING GARNISHMENT**<br>**28 U.S.C. § 3205** |

  **TO: GARNISHEE DL Software d/b/a Godel Terminal ("Garnishee"):**

  The United States Securities and Exchange Commission ("SEC") has filed an application for a writ of continuing garnishment against the nonexempt funds, assets, and/or property of judgment debtor Martin Shkreli ("Defendant") in the possession, custody, or control of Garnishee. The writ of continuing garnishment is an enforcement action by the United States against Defendant in connection with the civil penalty entered in the above captioned matter.

(1) This Writ of Continuing Garnishment ("Writ") is issued against Defendant as to Garnishee for Defendant's nonexempt funds, assets, and/or property in the possession, custody, or control of Garnishee.

(2) On July 28, 2025, the Court imposed a penalty against Defendant of $1,392,000 ("Penalty").

(3) As of January 23, 2025, Defendant owes $1,392,000 in penalty-principal plus post-judgment interest.

(4) The name and address of each Garnishee is: DL Software d/b/a Godel Terminal, 11 E. 44th Street, New York, NY 10017. Counsel: Derek Springer, Derek@horizonslaw.io.

(5) The address for Plaintiff is:
> U.S. Securities and Exchange Commission
> New York Regional Office
> Attn: Maureen Peyton King
> 100 Pearl Street, Suite 20-100
> New York, NY 10004

(6) Defendant's social security number is x0437 and Defendant's last known address is in Long Island City, New York.

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future. If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's non-exempt interest in such property, plus a reasonable attorney's fee to the SEC.

Within 10 days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4) and shall respond therein to the following questions:

(A) Whether that Garnishee has possession, custody, or control of any property of Defendant;

(B) What is a description of the property and the value thereof;

(C) Whether that Garnishee owed Defendant any debt on the date the writ was served and the amount and basis of the debt; and

(D) Whether that Garnishee anticipates owing any debt to Defendant in the future.

Garnishee shall serve a copy of its answer on counsel for the SEC and Defendant, whose addresses are listed above. See Fed. R. Civ. P. 5 for acceptable methods of service.

**IT IS UNLAWFUL TO PAY OR DELIVER TO DEFENDANT ANY PROPERTY LEVIED UPON BY THIS WRIT UNTIL FURTHER ORDER OF THE COURT.** This Writ is a continuing writ and it will terminate only by:

   (A)   a court order quashing this Writ;

   (B)   exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation; or satisfaction of the debt with respect to which this Writ is issued.

*See* 28 U.S.C. 3205(c)(10) for the Penalty.

If you are a bank or other financial institution, as defined in 12 U.S.C. § 3401(1), the Writ also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce a statement for each account in which Defendant has an interest showing a history of the account from the date the Writ was served on you to the date you file your answer. You may comply with this subpoena by attaching the statements to your answer. Such a disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you must comply with Federal Rule of Civil Procedure 45 and are entitled to the protections thereunder.

If you are Defendant's employer, the amount of nonexempt earnings which may be withheld pursuant to a Writ is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld. The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld. *See* Code of Federal Regulations, Title 29, Labor; Subtitle B,

Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

The Garnishees shall forward payments to the Office of Financial Management, United States Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, HQ Bldg, Room 181, AMZ-34, Oklahoma City, OK 73169, with the notation that the payment is on behalf of Defendant, until Defendant's debt is paid in full or Garnishee no longer has custody or control of any property belonging to Defendant.

Dated this _____31st_____ day of _____July_____ 2025.

_____Brenna B. Mahoney_____
CLERK, UNITED STATES DISTRICT COURT
By: DEUPTY CLERK
*DavidAfrani*

